FILED
2016 Jan-15  PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| _____ ) | |
| **AURORA LOAN SERVICES, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CARTHENIA W. JEFFERSON** ) | |
| ) | |
| **Defendant** ) | |
| ) | **Case No.** |
| **FEDERAL NATIONAL** ) | |
| **MORTGAGE ASSOCIATION,** ) | _____ |
| **SIROTE & PERMUTT, PC,** ) | |
| **NATIONSTAR MORTGAGE, , QBE** ) | |
| **FIRST INSURANCE AGENCY,** ) | |
| **INC., BALBOA INSURANCE** ) | |
| **COMPANY, and QBE AMERICAS,** ) | |
| **INC.,** ) | |
| ) | |
| **Counter-Defendants.** ) | |
| _____ ) | |

## NOTICE OF REMOVAL

Defendants QBE First Insurance Agency, Inc. ("QBE First"), QBE America,

Inc. ("QBE America") and Balboa Insurance Company ("Balboa"), while reserving

any and all defenses to the Amended Counterclaim under the Federal Rules of

Civil Procedure, hereby file this Notice of Removal to the United States Court for

the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 and FED. R. CIV. P. 11, [1] and state the following in support:

## PROCEDURAL POSTURE

1.    **The Complaint.** On December 14, 2011, Aurora Loan Services, LLC ("Aurora") filed a complaint against Carthenia W. Jefferson ("Jefferson") in the Circuit Court of Jefferson County, Alabama, seeking to set aside foreclosure deed and reinstate mortgage (the "State Court Action").  A true and correct copy of the complete State Court Action file, including the Complaint (Doc. 2) is attached as Exhibit A.  Pursuant to 28 U.S.C. § 1446(a), Exhibit A includes a copy of all process, pleadings and orders served upon QBE First, QBE America, and Balboa.

2.    **Jefferson's Answer.**  On May 11, 2012, Jefferson answered the Complaint and asserted counterclaims against Aurora, and added claims against Federal National Mortgage Association ("FNMA"), and Sirote & Permutt, PC

---

[1] The case style in the caption above reflects the state court case caption as set forth in the Amended Counterclaim.  As set forth below, the removing defendants do not agree that the case caption accurately reflects the nature of the claims by the parties.  The claims by and against Aurora Loan Services have been dismissed; therefore, Aurora Loan Services is not a party either as the Plaintiff or as a "Counter-Defendant."  Further, as set forth below, the parties listed as "Counter-Defendants" in the case caption are not proper "Counter-Defendants."  Additionally, although Sirote & Permutt, P.C., is listed in the case caption, it is no longer a party to this proceeding as the claims against it were dismissed (See Exh. A, Doc. 46), and has not been served with the Amended Counterclaim (nor has a summons been issued).  As set forth below, the parties should be realigned, with Carthenia W. Jefferson listed as the Plaintiff, and Federal National Mortgage Association, Nationstar Mortgage, QBE First, Balboa, and QBE Americas listed as Defendants.

1420329.2

("Sirote"), alleging violations of the FDCPA and asserting 14 state law claims. (<u>See</u> Exh. A, Doc. 6.)

3.      **Sirote is Dismissed.**  On August 13, 2012, the State Court entered an order dismissing Jefferson's claim against Sirote.  (<u>See</u> Exh. A, Doc. 49.)

4.      **Original Complaint is Resolved.**  On December 4, 2012, the parties filed a Joint Motion for Entry of Consent Order on Plaintiff's Complaint (<u>See</u> Exh A, Doc. 62) and on December 12, 2012, the State Court entered a Consent Order (1) expunging the foreclosure deed, (2) setting aside the foreclosure, and (3) reinstating the mortgage (<u>See</u> Exh. A, Doc.  64), **disposing of the original complaint filed by Plaintiff Aurora, leaving only Jefferson's claims against Aurora and FNMA.**

5.      **Discovery on the Counterclaims Proceeds.**  From September 2012 – the present, the parties engaged in significant discovery (including written discovery, subpoenas, and depositions). (See Exh. A, Docs. 54, 57, 59, 71, 79, 94, 98, 100, 102, 104, 106, 108, 110, 112, 114, 116, 119, 122, 125, 128, 131, 134, 137, 140, 143, 152, 160, 164, 166, 169, 245-47, 249-50, 260, 298, 300, 324-327, 340-41.)  Discovery has closed, the case was unsuccessfully mediated, set for trial (continued several times), and is currently set for trial in March 2016.

6.      **Plaintiff Aurora is Dismissed from the Case.**  On November 19, 2015, Aurora and Jefferson filed a Joint Stipulation of Dismissal, dismissing all

1420329.2

claims and counterclaims asserted between Jefferson and Aurora with prejudice, which the court granted on November 23, 2015, **leaving only the claims by Jefferson against defendant FNMA**. (See Exh. A, Docs. 344, 349.)

7.     **Jefferson Files Amended Counterclaim, Adding New Defendants, New Facts, and New Causes of Action.**   On December 11, 2015, nearly four years after the initiation of this action by Aurora, after discovery has closed, and with a trial looming in March 2016, Jefferson filed an Amended Complaint, adding for the first time Nationstar Mortgage, LLC ("Nationstar"), QBE First, QBE, America, and Balboa (collectively, "New Defendants"), and asserting new facts and new federal and state causes of action. (See Exh. A, Doc. 357.)

8.     **Sirote is not a Properly Joined and Served Defendant.**   Although the Amended Counterclaim purports to assert claims against Sirote, these claims appear to be the identical claims that were originally asserted against Sirote, which the Court previously dismissed in its August 13, 2012 order.  (See Exh. A, Doc. 49.)   Moreover, after the filing of the Amended Counterclaim, the Court did not issue a new summons to Sirote.  Accordingly, it does not appear that Jefferson intended to assert claims against Sirote in the Amended Counterclaim.  In any event, Sirote has not been properly joined or served, since the claims against Sirote

1420329.2

were dismissed.[2]   Under 28 U.S.C. § 1446(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."   Since Sirote has not been properly joined or served, Sirote's consent is not required for removal.   "[A] defendant that has not been served with process need not join in or consent to removal." *See Harris v. Pacificare Life & Health Insurance Co.*, 514 F. Supp. 2d 1280, 1286 (M.D.Ala.2007) (quoting *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D.Ala.2003))[3].

## ALL REQUIRED PARTIES JOIN IN THIS REMOVAL

Jefferson**,** QBE First, QBE America, Balboa, Nationstar, and FNMA are the only parties remaining in this proceeding. The only remaining claims are those asserted by Jefferson against QBE First, QBE America, Balboa, Nationstar, and FNMA.   Nationstar and FNMA join this Notice of Removal.   Attached hereto as Exhibit B are consent to and joinder in removal pleadings executed by Nationstar, and FNMA. Accordingly, this Notice of Removal complies with 28 U.S.C. § 1446(b)(2)(A).

---

[2] However, should the Court find that Sirote has been joined and served, or is otherwise required to consent to the removal of this proceeding, Sirote has signed a written consent to the removal of this proceeding, attached hereto as Exhibit D.

[3] In the alternative, Sirote is not required to consent or join in the notice of removal because it has been fraudulently joined, since there is no possibility that the plaintiff can prove an action against it, because the state court already dismissed Jefferson's claims against Sirote. *See GMFS, LLC v. Bounds*, 275 F. Supp. 2d 1350, 1353-1354 (S.D. Ala. 2003).

1420329.2

## THE PETITION FOR REMOVAL IS TIMELY

QBE First, QBE America, and Nationstar were properly served with the Amended Counterclaim on December 17, 2015.  According to the State Court record, Balboa was served with the Amended Counterclaim on December 23, 2015.[4]  True and correct copies of the State Court's record of QBE First, QBE America, Balboa, and Nationstar's proofs of service are attached as Exh. A, Docs. 381, 384, 385, 391, 392.)  Thus, this Notice of Removal is timely filed within thirty (30) days as prescribed in 28 U.S.C. § 1446(b).

## NOTICE IS BEING GIVEN CONTEMPORANEOUSLY

Contemporaneously with the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), QBE America, QBE First, and Balboa are providing written notice of this removal to Plaintiff through Plaintiff's attorney of record in the State Court Action.  QBE America, QBE First, and Balboa are also filing contemporaneously with the Circuit Court of Lauderdale County a Notice of Filing Notice of Removal ("Notice of Filing") and copy of this Notice of Removal, without Exhibit A.

## INTRODUCTION AND SUMMARY

When the original complaint was resolved by Consent Order (Doc. 62) and Aurora (Plaintiff) was dismissed by Joint Stipulation (Doc. 344, 249), in effect

---

[4] Balboa reserves any and all defenses regarding service of process.

1420329.2

Jefferson (formerly defendant/counterclaim plaintiff) became the true plaintiff in this action and FNMA, QBE First, QBE America, Balboa, and Nationstar became the defendants.  In accordance with Eleventh Circuit law, the parties should be so re-aligned for the purposes of removal pursuant to 28 U.S.C. §1441(a).  Even if the parties are not re-aligned, the new claims asserted in the Amended Counterclaim (Doc. 357) are still removable under 28 U.S.C. §1441(c) because the new claims arise out of separate and independent claims which, if sued upon alone could have been brought in federal court.

In her Amended Counterclaim (Doc. 357), Jefferson names Nationstar, QBE First, QBE America, and Balboa as "counter-defendants" —although none of these parties have sued Jefferson and the original complaint against Jefferson has been resolved. (See Exh. A, Docs. 2, 62, 344, 349.)  To that point, the Amended Counterclaim sets forth an entirely new set of facts and allegations—based on the alleged failure to properly pay insurance claims and/or service the loan (all of which occurred well after the foreclosure and servicing that made the basis of the original lawsuit and counterclaim.)[5] Specifically, Jefferson filed the original counterclaim in May 2012, asserting claims related to the May 11, 2010 foreclosure sale of her property. (See Exh. A, Doc. 6.)  Nationstar was not servicing the loan at this time, and the insurance claims made the basis of

---

[5] Indeed, Nationstar was not the loan servicer at any time before or during the foreclosure, and the insurance claims were not made before or during the foreclosure sale.

1420329.2

Jefferson's Amended Counterclaim were not made until March and April of 2013—months after the Court's December 12, 2012 order reinstating the original mortgage and a year and a half after Aurora filed the original lawsuit.  (See Exh. A, Doc. 357, ¶¶ 17, 27-29.)

In short, Jefferson's Amended Counterclaim relates to QBE America, QBE First, FNMA, and/or Nationstar's allegedly improper payment/disbursement of insurance funds and/or improper servicing/credit reporting—which are entirely unrelated to the original (and resolved) foreclosure dispute with Aurora and all occurred after the original counterclaim was filed (*e.g.*, Jefferson alleges inaccurate credit reporting from September **2014** to September 28, **2015**—at least **three years** after Aurora filed its initial lawsuit, **two years** after Jefferson's mortgage was reinstated and Nationstar took over the servicing of that mortgage).  For the Court's convenience, attached as Exhibit C is a red-lined document comparing the original Counterclaim (Doc. 6) and Amended Counterclaim (Doc. 357)—which highlights that the Amended Counterclaim, which arises out of a set of separate and independent facts, could have been removed if filed in a separate action.[6]

---

[6]  The Amended Counterclaim text is depicted by blue font (with any deletions from the original Counterclaim being set forth in red font). Any text included in both the Amended Counterclaim and original Counterclaim is set forth in black font.

**BASIS FOR REMOVAL**

1.      Plaintiff's Amended Counterclaim asserts new claims for relief arising under the following federal statutes: Truth in Lending Act ("TILA"); Fair Debt Collection Practices Act ("FDCPA"); and Fair Credit Reporting Act ("FCRA"). (See Exh. A, Doc. 357 ¶¶ 98-122.)

2.      Therefore, pursuant to U.S. CONST. Article III, Sec. 2 and 28 U.S.C. §§ 1331 and 1367, this Court has jurisdiction over all of the claims in this action.[7]

3.      This case is subject to removal under 28 U.S.C. § 1441.

4.      Venue is proper in this Court in accordance with 28 U.S.C. § 1391.

**a.  Removal is Proper Under 28 U.S.C. § 1441(a)**

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such suit is pending." 28 U.S.C. § 1446(b)(2)(A) further provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to removal of the action," and § 1446(b)(2)(C) provides that "[i]f defendants are served at different times, and a later-served

---

[7] Actions brought in state court under the FDCPA, TILA, RESPA, and FCRA are removable to the appropriate federal district court. *See Boone v. JP Morgan Chase Bank*, 447 Fed. Appx. 961, 963 (11th Cir. 2011); *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

1420329.2

defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Pursuant to 28 U.S.C. §§ 1441(a) and 1446, newly added defendants QBE First, QBE America, and Balboa have properly filed this notice of removal. In support, the QBE First, QBE America, and Balboa state as follows:

1.    **QBE, Balboa, Nationstar, and FNMA are "defendants" within the meaning of 28 U.S.C. § 1441(a).**

Nationstar, QBE, Balboa, and FNMA are defendants in this case for the purposes of removal pursuant to 28 U.S.C. § 1441(a) and hence are proper parties to remove this case. Although Jefferson chose to style the defendants as "counter-claim defendants" in her "amended counterclaim" filed with the State Court on December 14, 2015, the original Plaintiff Aurora is no longer a party to the case and neither QBE First, QBE America, Nationstar, Balboa, or FNMA have asserted claims against Jefferson. Thus, they cannot be considered valid "counterclaim" defendants.

2.    **The Parties Should Be Re-Aligned for the Purposes of Removal.**

Despite how Jefferson has styled the Amended Counterclaim, because the only claims left in this case are Jefferson's claims against QBE First, QBE America, Nationstar, Balboa, and FNMA, the case should not proceed with Jefferson as a "defendant/counterclaim plaintiff" and the defendants as

1420329.2

"counterclaim" defendants.[8]   The Eleventh Circuit has explained that "parties cannot *avoid* [federal jurisdiction] by their designation of the parties . . . Rather it is the duty of the lower federal courts to look beyond the pleadings and arrange the parties according to their sides in the dispute, as determined by the principal purpose of the suit and the primary and controlling matter in dispute." *Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313-14 (11th Cir. 2012) (citations omitted) (emphasis in original). Here, "the principal purpose of the suit" is for Jefferson to recover from the defendants for alleged wrongs committed against her, and the "controlling matter[s] in dispute" are Jefferson's insurance claims from 2013 and Jefferson's servicing/credit reporting claims from 2014-2015.

In *Vestavia Hills*, the Eleventh Circuit established that, in the context of removal, "where party designations have jurisdictional consequences, [the court] *must* align the parties before determining jurisdiction."  *Id.* at 1314 (emphasis added) (quoting *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156 (3rd Cir. 1995)).  In fact, "federal courts are *required* to realign the parties in an action to reflect their interests in the litigation" and "it is the duty of the lower

---

[8] Jefferson has tried to substitute Nationstar for Aurora as a plaintiff/counter-defendant, but Nationstar has not made any claims against Jefferson, and was not even servicing Jefferson's mortgage at the time of the 2010 foreclosure that formed the basis of the original lawsuit. Further, to any degree that Nationstar could possibly be considered a successor in interest to Aurora for purposes of this lawsuit, those claims were all dismissed with prejudice by the State Court on November 23, 2015. (See Exh. A, Doc. 349.)  Once removed, Nationstar intends to further argue that such a substitution is improper under Fed. R. Civ. P. 25.

1420329.2

federal courts to look beyond the pleadings and arrange the parties according to their sides in the dispute." *Id.* at 1313-14 (citations omitted) (emphasis added).

In *Vestavia Hills*, the Court examined re-alignment in the context of removal, and held that re-alignment in order to confer the district court with diversity jurisdiction was proper. Specifically, the Eleventh Circuit re-aligned one of the defendants as plaintiff, noting that "[the then-plaintiff] did not seek any relief from the said defendant." *Id.* at 1314. Similarly, none of the removing defendants in the case at bar (QBE First, QBE America, Nationstar, Balboa, and FNMA) "seek any relief from [Jefferson]," nor have they sought such relief previously. In fact, and even more telling than the scenario before the *Vestavia Hills* Court, here, the only party in this lawsuit who sought any relief from Jefferson (Aurora) was dismissed from this case with prejudice. As none of the removing defendants have made any claim for relief against Jefferson, none of the removing defendants can be properly characterized as the "plaintiff" in this case (*see* FED. R. CIV. P. 20 (persons are considered "plaintiffs" if "they assert any right to relief" against another party), which is, by definition, necessary in order to characterize the removing defendants as "counterclaim defendants;" for if the removing defendants have made no claims against Jefferson, then there are no claims for Jefferson to counter at all.

1420329.2

The Eleventh Circuit has imposed lower courts with the <u>duty</u> to consider realignment of the parties in the context of removal, and district courts have followed suit. *See Porter v. Crumpton & Associates, LLC*, 862 F.Supp.2d 1303 (M.D. Ala. 2012) (relying on *Vestavia Hills* to re-align parties in the context of removal); *Gulf Hauling & Const., Inc. v. QBE Ins. Corp.*, 2013 WL 217978 (S.D. Ala. 2013) (finding that re-alignment was proper in the context of removal, though declining to re-align the parties on other grounds).

As such, this Court has the power—even the duty, according to the Eleventh Circuit—to consider the alignment of the parties in the context of removal and a review of the record in this case clearly demonstrates that Jefferson should be aligned as the "plaintiff," with the removing defendants properly aligned as "defendants." As "defendants," it is clear that QBE First, QBE America, and Balboa are proper parties to remove this case to federal court under 28 U.S.C. § 1441(a).

**b. Alternatively, in the event that the Court does not re-align the parties, the new claims asserted in the Amended Counterclaim are properly removed under 28 U.S.C. § 1441(c).**

28 U.S.C. § 1441(c) provides that:

If a civil action includes—(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, [then] the entire action may be

1420329.2

removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

The Fifth and Eleventh Circuits have interpreted this provision to provide "a vehicle" for third-party defendants and newly added defendants to remove an action that satisfies § 1441(c)'s criteria. *WGB, LLC v. Bowling*, 18 F. Supp. 3d 1288, 1294 (N.D. Ala. 2014); s*ee also Carl Heck Engineers, Inc. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980).

Recently, in a case with facts very similar to those in the instant case, Judge Haikala interpreted Section 1441(c) as allowing a newly added defendant to remove an action to federal court on the basis of federal question jurisdiction. In *Bowling*, WGB, LLC filed an ejectment claim against the borrowers in state court. *Bowling*, 18 F. Supp. 3d at 1290-91. The borrowers responded with a series of counterclaims, adding three new defendants as "counterclaim defendants" and asserting state law claims along with TILA, FDCPA, and FCRA claims. *Id.* The new defendants removed to federal court under 28 U.S.C. § 1441(c). *Id.* Finding persuasive the reasoning in *Bd. of Regents of Univ. of Tex. System v. Walker* (142 F.3d 813 (5th Cir. 1998))—a case where the Fifth Circuit held that a newly added counterclaim defendant could remove to federal court under § 1441(c) if the defendant would have been able to remove the claim had they been sued separately—the Court determined that Section 1441(c) allows newly added defendants to remove claims to federal court so long as they had not been the party

to originally choose the state law venue (*i.e.*, the plaintiff), and they would have been able to remove those claims if they had been filed separately.  *Id.* at 1293, 1296.[9]  Accordingly, the Court severed WBG, LLC's ejectment claim from the federal and state law claims against the new defendants, retaining jurisdiction over those claims against the new defendants and remanding the ejectment claim back to state court. *Id.* at 1290-91.

Like in *Bowling*, in this case, Aurora  filed a lawsuit related to foreclosure of Jefferson's property, and Jefferson filed a series of state law and federal "counterclaims"—including TILA, FDCPA, and FCRA—adding several new defendants and claims, all arising from separate facts from the original lawsuit. First, these new claims—which are distinct and independent from the claims asserted in the original counterclaim—would have been removable to federal court if Jefferson had filed them in a separate lawsuit. (See *supra* pp. 4-6 and Exhibit C.)

Hence, and in the event the Court does not re-align the parties and allow for removal under 28 U.S.C. § 1441(a), under 28 U.S.C. § 1441(c), the new claims— arising from Jefferson's insurance claims and Jefferson's credit reporting/servicing claims in the Amended Counterclaim—are removed to federal court and the

---

[9] In effect, the *Bowling* Court tacitly realigned the defendants from "counterclaim defendants" to third party defendants, which further supports the argument for re-alignment set forth above in Section a.

1420329.2

otherwise nonremovable original claims should be severed and remanded to state court.

CONCLUSION

WHEREFORE, QBE First Insurance Agency, Inc., QBE America, Inc., and Balboa Insurance Company remove this action from the Circuit Court of Jefferson County, Alabama to this Court.

Respectfully submitted this 15th day of January, 2016.

/s/ Kevin A. Rogers
Kevin A. Rogers (ASB-8689-K51R)

One of the Attorneys for Defendant, Balboa Insurance Company, QBE America, Inc., QBE First Insurance Agency, Inc.

**OF COUNSEL:**
WELLS MARBLE AND HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Telephone: 601-605-6900
Facsimile:  601-606-6901
Krogers@wellsmar.com

1420329.2

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of January, 2016, I have caused a true and exact copy of the above and foregoing to be served on counsel of the record by electronic filing and by U.S. First Class Mail, postage prepaid to the following:

Kenneth James Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
*Attorney for Jefferson*

Gregory C. Cox
Ginny Willcox Leavens
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
*Attorneys for Nationstar Mortgage*

Amanda M. Beckett
Bret Chaness
Rubin Lublin, LLC
428 North Lamar Blvd., Suite 107
Oxford, MS 39655
*Attorney for Federal National Mortgage Association*

/s/  Kevin A. Rogers
One of the Attorneys for Defendant,
Balboa Insurance Company, QBE America,
Inc., QBE First Insurance Agency, Inc.

1420329.2