FILED
2016 Jan-15  PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A
# Part 2



AlaFile E-Notice

01-CV-2011-904407.00

To:  SHAUN KEVIN RAMEY
     sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following NOTICE OF APPEARANCE was FILED on 6/18/2012 1:29:00 PM

Notice Date:     6/18/2012 1:29:00 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:  HOUSER KAYE KAMMAN
     khouser@sirote.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following NOTICE OF APPEARANCE was FILED on 6/18/2012 1:29:00 PM

Notice Date:      6/18/2012 1:29:00 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:  OSWALT CHERYL HOWELL
     coswalt@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following NOTICE OF APPEARANCE was FILED on 6/18/2012 1:29:00 PM

Notice Date:     6/18/2012 1:29:00 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:  LAY KENNETH JAMES
ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following NOTICE OF APPEARANCE was FILED on 6/18/2012 1:29:00 PM

Notice Date:      6/18/2012 1:29:00 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:  HOOD RHONDA STEADMAN
     rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following NOTICE OF APPEARANCE was FILED on 6/18/2012 1:29:00 PM

Notice Date:     6/18/2012 1:29:00 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
6/18/2012 3:45 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| AURORA LOAN SERVICES, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:   CV-2011-904407.00 |
| | ) | |
| JEFFERSON CARTHENIA W., | ) | |
| Defendant. | ) | |

## ORDER

The Motion to Continue is granted.  The Motion to Dismiss Counterclaim is reset for hearing on July 18, 2012, at 8:30 a.m.

**DONE this 18th day of June, 2012.**

**/s/ ED RAMSEY**
**CIRCUIT JUDGE**



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   RAMEY SHAUN KEVIN
      sramey@sirote.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

A court action was entered in the above case on 6/18/2012 3:45:33 PM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            -ER

Notice Date:      6/18/2012 3:45:33 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  HOUSER KAYE KAMMAN
khouser@sirote.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

A court action was entered in the above case on 6/18/2012 3:45:33 PM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            -ER

Notice Date:      6/18/2012 3:45:33 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To: OSWALT CHERYL HOWELL
    coswalt@sirote.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

A court action was entered in the above case on 6/18/2012 3:45:33 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           -ER

Notice Date:     6/18/2012 3:45:33 PM


ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  LAY KENNETH JAMES
     ken@whlfirm.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

A court action was entered in the above case on 6/18/2012 3:45:33 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           -ER

Notice Date:     6/18/2012 3:45:33 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   HOOD RHONDA STEADMAN
      rhonda@whlfirm.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

A court action was entered in the above case on 6/18/2012 3:45:33 PM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            -ER

Notice Date:      6/18/2012 3:45:33 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
6/18/2012 3:46 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| AURORA LOAN SERVICES, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:    CV-2011-904407.00 |
| | ) | |
| JEFFERSON CARTHENIA W., | ) | |
| Defendant. | ) | |

**ORDER**

The Motion to Withdraw filed by Kaye K. Houser is hereby granted.

**DONE this 18th day of June, 2012.**

                    /s/ **ED RAMSEY**
                    **CIRCUIT JUDGE**



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   RAMEY SHAUN KEVIN
      sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 6/18/2012 3:46:22 PM

Notice Date:     6/18/2012 3:46:22 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   HOUSER KAYE KAMMAN
      khouser@sirote.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 6/18/2012 3:46:22 PM

Notice Date:     6/18/2012 3:46:22 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  OSWALT CHERYL HOWELL
coswalt@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 6/18/2012 3:46:22 PM

Notice Date:      6/18/2012 3:46:22 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  LAY KENNETH JAMES
     ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 6/18/2012 3:46:22 PM

Notice Date:     6/18/2012 3:46:22 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  HOOD RHONDA STEADMAN
     rhonda@whlfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 6/18/2012 3:46:22 PM

Notice Date:    6/18/2012 3:46:22 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To: RAMEY SHAUN KEVIN
sramey@sirote.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was SET FOR HEARING

O001 SIROTE & PERMUTT PC
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: OSWALT CHERYL HOWELL]

Hearing Date:     07/18/2012
Hearing Time:     08:30:00 AM
Location:

Notice Date:      6/18/2012 3:46:40 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  HOUSER KAYE KAMMAN
      khouser@sirote.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was SET FOR HEARING

O001 SIROTE & PERMUTT PC
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: OSWALT CHERYL HOWELL]

Hearing Date:    07/18/2012
Hearing Time:    08:30:00 AM
Location:

Notice Date:     6/18/2012 3:46:40 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To: OSWALT CHERYL HOWELL
coswalt@sirote.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was SET FOR HEARING

O001 SIROTE & PERMUTT PC
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: OSWALT CHERYL HOWELL]

Hearing Date:    07/18/2012
Hearing Time:    08:30:00 AM
Location:

Notice Date:    6/18/2012 3:46:40 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  LAY KENNETH JAMES
     ken@whlfirm.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was SET FOR HEARING

O001 SIROTE & PERMUTT PC
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: OSWALT CHERYL HOWELL]

Hearing Date:   07/18/2012
Hearing Time:   08:30:00 AM
Location:

Notice Date:    6/18/2012 3:46:40 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  HOOD RHONDA STEADMAN
     rhonda@whlfirm.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was SET FOR HEARING

O001 SIROTE & PERMUTT PC
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: OSWALT CHERYL HOWELL]

Hearing Date:   07/18/2012
Hearing Time:   08:30:00 AM
Location:

Notice Date:    6/18/2012 3:46:40 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
6/19/2012 3:42 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| AURORA LOAN SERVICES, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:      CV-2011-904407.00 |
| | ) | |
| JEFFERSON CARTHENIA W., | ) | |
| Defendant. | ) | |

**ORDER**

The Motion to Withdraw filed by Kaye K. Houser, Esquire, is hereby GRANTED.

**DONE this 19th day of June, 2012.**

/s/ **ED RAMSEY**
_____
**CIRCUIT JUDGE**



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  RAMEY SHAUN KEVIN
     sramey@sirote.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

A court action was entered in the above case on 6/19/2012 3:42:41 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           -ER

Notice Date:     6/19/2012 3:42:41 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  OSWALT CHERYL HOWELL
     coswalt@sirote.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

A court action was entered in the above case on 6/19/2012 3:42:41 PM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            -ER

Notice Date:      6/19/2012 3:42:41 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   LAY KENNETH JAMES
      ken@whlfirm.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

A court action was entered in the above case on 6/19/2012 3:42:41 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           -ER

Notice Date:     6/19/2012 3:42:41 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  HOOD RHONDA STEADMAN
     rhonda@whlfirm.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

A court action was entered in the above case on 6/19/2012 3:42:41 PM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            -ER

Notice Date:      6/19/2012 3:42:41 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
9/17/2012 5:13 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **AURORA LOAN SERVICES, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NUMBER CV-2011-904407** |
| | ) |
| **CARTHENIA W. JEFFERSON,** | ) |
| | ) |
| **Defendant/ Counter-Plaintiff,** | ) |
| | ) |
| **AURORA LOAN SERVICES, LLC,** | ) |
| **FEDERAL NATIONAL MORTGAGE** | ) |
| **ASSOCIATION, SIROTE &** | ) |
| **PERMUTT, P.C.** | ) |
| | ) |
| **Counter-Defendants.** | ) |

### DEFENDANT/ COUNTER-PLAINTIFF'S OPPOSITION TO SIROTE & PERMUTT, P.C.'S MOTION TO DISMISS COUNTERCLAIM

COMES NOW the Defendant/ Counter-Plaintiff, Carthenia Jefferson, and in opposition to Defendant's Motion to Dismiss states as follows:

1.     The original complaint in this matter was initiated by Aurora Loan Services, LLC seeking to set aside the foreclosure sale conducted by Defendant, Sirote & Permutt, P.C. on May 11, 2010.

2.     On March 11, 2012 Jefferson filed her answer and counterclaim to the suit, adding the Defendant, Sirote & Permutt, P.C.

3.     Paragraphs 7-26 of counterclaim sufficiently sets forth the statement of circumstances, occurrences, and events that support the claims against this Defendant. Specifically, with regard to Sirote & Permutt, P.C. Jefferson specifically alleges that they conducted the foreclosure sale; demanded that she vacate her home after the sale; that she immediately notified them of the problem with the sale and that the sale was

wrongful; that despite her notification, they proceeded to file an ejectment suit against her, which was ultimately dismissed; that Sirote continued to send collection letters, continued to report Jefferson's mortgage account in a default status, and continued to attempt to collect this debt.

4.      Jefferson alleges two counts against Defendant Sirote & Permutt, P.C. for their actions - Negligence, Count Two of the Counterclaim, and Wantoness, Count Five of the Complaint.

STATEMENT OF THE LAW REGARDING A MOTION PURSUANT TO RULE 12(b)(6)

Alabama law is clear that a motion for relief pursuant to Rule 12(b)(6) should rarely be granted.  Dismissal for failure to state a claim is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Greathouse v. Alfa Fin. Corp., 732 So. 2d 1013, 1999 Ala. Civ. App. LEXIS 169 (Civ. App. 1999).  "'The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985); Hill v. Falletta 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.' " Beckerle v. Moore, 909 So.2d 185, 187

(Ala.2005) ((alterations added in <u>Beckerle</u>)(quoting <u>Nance v. Matthews</u>, 622 So.2d 297, 299 (Ala.1993)).

In the present case, Jefferson has alleged two theories of recovery against the Defendant in her counterclaim. Jefferson will address the Defendant's arguments in support of their motion bearing in mind the general rules regarding review of a 12(b) motion. <u>Dunson v. Friedlander Realty</u>, 369 So. 2d 792, 1979 Ala. LEXIS 2754 (Ala. 1979) holds "it is never proper to dismiss a complaint if it contains even a generalized statement of facts which will support a claim for relief." Furthermore, "A dismissal governed by this rule should be granted sparingly, and is properly granted only when it appears beyond a reasonable doubt that the plaintiff cannot prove any set of facts which would entitle him to relief." <u>Shaddix v. United Ins. Co. of Am.</u>, 678 So. 2d 1097, 1995 Ala. Civ. App. LEXIS 500 (Ala. Civ. App. 1995), cert. quashed, 678 So. 2d 1100, 1996 Ala. LEXIS 155, 30 Ala. B. Rep. 2384 (Ala. 1996).

## **<u>DEFENDANT'S ARGUMENTS TO DISMISS COUNT II AND COUNT V FAIL</u>**

Sirote contends that Count II and Count V of the counterclaim, sounding in negligence and wantonness, are deficiently pled. In their motion, the Defendant misstate the requirements of Rule 8, <u>A.R.Civ. P</u>.

Under the Alabama Rules of Civil Procedure, Rule 8, a complaint is sufficient if it puts the defendant on notice of the claims against him. Pursuant to Rule 8(a) a pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. This rule is complied with if the claim for relief gives to the opponent fair notice of the pleader's claim and the grounds upon which it rests. <u>Mitchell</u>

v. Mitchell, 506 So. 2d 1009, 1987 Ala. Civ. App. LEXIS 1248 (Ala. Civ. App. 1987). Jefferson's complaint clearly apprises this Defendant that they are to defend against negligence and wantonness with regard to their actions regarding the foreclosure sale of Jefferson's property.

Defendant's arguments that Jefferson was required to plead every element of negligence and wantonness is contrary to the requirements of Rule 8. In fact, Alabama case law makes it clear that Rule 8 does not require that each element of the cause of action be delineated. It merely requires that the Defendant be reasonably apprised of the claims against him. The Alabama Court of Civil Appeals addressed similar arguments in the case of McKelvin v. Smith, 85 So. 3d 386 (Ala. Civ. App. 2010). There the Plaintiff's brought claims for negligence and wantonness. One of the Defendant's filed a motion to dismiss, similar to the one before this court, alleging that the complaint did not give him proper notice under Ala. R. Civ. P. 8(a). Specifically, the Defendant argued (as does the Defendant before this court) that because that the complaint failed to allege facts demonstrating that he owed the McKelvins any duty - an essential element of both a negligence claim and a wantonness claim, the complaint was due to be dismissed. The trial court granted the motion. The Court of Civil Appeals reversed holding that the claims against the Defendant finding satisfied the notice-pleading requirements of Rule 8 (a).

> Although the complaint did not state in detail the alleged facts upon which the McKelvins based their claims against Smith, it did provide Smith with sufficient notice of those claims. The claims, in their brevity and plainness, are consistent within the example found in Form 16, Appendix I to the Alabama Rule of Civil Procedure, which has been approved by our supreme court. See Appendix I, Supreme Court Note.
>
> Form 16 provides:

"Form 16. Complaint for Negligence or Wantonness

"1. On or about the day of , upon a public highway [*state the name of the street*] in [City], County, Alabama, the defendant negligently [or wantonly] caused or allowed a motor vehicle to collide with a motor vehicle occupied by the plaintiff.

"2. As a proximate consequence of the defendant's said negligence [or wantonness], the plaintiff was caused to suffer the following injuries and damages:

"[*enumerate injuries and damages*]

"Wherefore plaintiff demands judgment against defendant in the sum of dollars and costs."

See also *Phelps v. South Alabama Elec. Co-op*, 434 So. 2d 234, 237 (Ala. 1983) (evaluating the sufficiency of a complaint alleging negligence and wantonness claims in relation to Form 16). We conclude that the McKelvins' complaint adequately stated their claims against Smith under Rule 8(a) and that the trial court could not have properly dismissed those claims for failure to satisfy the requirements of that rule. *See also Knight v. Burns, Kirkley & Williams Constr. Co.*, 331 So. 2d 651, 654-55 (Ala. 1976) (stating that a complaint was sufficient under Rule 8(a) to put a defendant on notice even though there was no specific allegation of a duty owed).

McKelvin v. Smith, at 390.

As recognized by the Court of Civil Appeals, the ease with which Rule 8(a) pleading requirements may be satisfied is illustrated in the Appendix of Official Forms of the Alabama Rules of Civil Procedure. Specifically, Form 16 referenced above, is devoid of each element of negligence or wantonness because such is not required by the Alabama Rules of Civil Procedure.

The Defendant's motion to dismiss Jefferson's counterclaim is unsupported with any applicable case law that would demonstrate that Jefferson's method of pleading was insufficient to give Sirote proper notice of the claims against them. Although they rely on Alabama cases that set for the elements for negligence and wantonness, those

cases do not stand for the proposition that failing to plead each element is insufficient to meet the mandates of Rule 8.  The Rule simply does not require such specifics in the pleadings. Furthermore, the cases certainly do not demonstrate that Jefferson's counterclaims against them are due to be dismissed.

The Committee Comments to Rule 8 make it clear that the intent and effect of the Rule is to permit the claim to be stated in general terms. "The rules are designed to discourage battles over mere form of statement which often delay trial on the merits or prevent a party from having a trial because of mistakes in statement." See Committee Comments.  Simply stated, under this rule, "plain notice" of the nature of the claim being raised is required at the pleading stage. The facts pertinent to their various claims and defenses may be developed by discovery and pretrial procedures.

Jefferson clearly pled factual allegations of misconduct that if proven could entitle her to recover against Sirote for negligence and wantonness.  Alabama law is well established that a complaint is not subject to dismissal upon the ground that it fails to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Bowling v. Pow, 293 Ala. 178, 301 So. 2d 55, 1974 Ala. LEXIS 943 (1974). It is never proper to dismiss a complaint if it contains even a generalized statement of facts which will support a claim for relief. Dunson v. Friedlander Realty, 369 So. 2d 792, 1979 Ala. LEXIS 2754 (Ala. 1979). Sirote's motion invites the court to err by dismissing her claims. However, because Jefferson has complied with the notice requirements of Rule 8, the motion is due to be denied.

WHEREFORE, Premises Considered, Defendant/ Counter-Plaintiff, Carthenia Jefferson prays this court will deny the motion to dismiss.

/s/ Rhonda Steadman Hood
Rhonda Steadman Hood
Kenneth J. Lay
WOOTEN, HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 323-4123
Fax:(205) 776-2040
rhonda@whlfirm.com

## CERTIFICATE OF SERVICE

This is to certify that on this the 17th day of July, 2012 a copy of the forgoing has been served upon counsel for all parties to this proceeding by U.S. Mail, postage prepaid.

Shaun Ramey, Esq.
Cheryl Oswalt, Esq.
SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, AL 35205

/s/ Kenneth J Lay
OF COUNSEL



**AlaFile E-Notice**

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   RHONDA STEADMAN HOOD
      rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 7/17/2012 5:13:15 PM

D001 JEFFERSON CARTHENIA W.
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: HOOD RHONDA STEADMAN]

Notice Date:     7/17/2012 5:13:15 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  RAMEY SHAUN KEVIN
     sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 7/17/2012 5:13:15 PM

D001 JEFFERSON CARTHENIA W.
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: HOOD RHONDA STEADMAN]

Notice Date:     7/17/2012 5:13:15 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

DOCUMENT 41



**AlaFile E-Notice**

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  OSWALT CHERYL HOWELL
coswalt@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 7/17/2012 5:13:15 PM

D001 JEFFERSON CARTHENIA W.
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: HOOD RHONDA STEADMAN]

Notice Date:     7/17/2012 5:13:15 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  LAY KENNETH JAMES
     ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 7/17/2012 5:13:15 PM

D001 JEFFERSON CARTHENIA W.
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: HOOD RHONDA STEADMAN]

Notice Date:     7/17/2012 5:13:15 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
7/20/2012 9:29 AM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:      CV-2011-904407.00 |
| | ) |
| JEFFERSON CARTHENIA W., | ) |
| Defendant. | ) |

**ORDER**

Defendant, Carthenia W. Jefferson, is allowed fourteen days to file a brief in opposition to the Motion to Dismiss.

Counterclaim  plaintiff shall then have seven days to file a reply.

**DONE this 20th day of July, 2012.**

**/s/ ED RAMSEY**
**CIRCUIT JUDGE**



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  RAMEY SHAUN KEVIN
     sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 7/20/2012 9:29:10 AM

Notice Date:     7/20/2012 9:29:10 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  OSWALT CHERYL HOWELL
coswalt@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 7/20/2012 9:29:10 AM

Notice Date:     7/20/2012 9:29:10 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  LAY KENNETH JAMES
     ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 7/20/2012 9:29:10 AM

Notice Date:     7/20/2012 9:29:10 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   HOOD RHONDA STEADMAN
      rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 7/20/2012 9:29:10 AM

Notice Date:      7/20/2012 9:29:10 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
8/3/2012 8:42 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **AURORA LOAN SERVICES, LLC** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO.: 2011-904407.00** |
| **VS.** ) | |
| ) | |
| **CARTHENIA W. JEFFERSON** ) | |
| ) | |
| **DEFENDANT/COUNTER-** ) | |
| ) | |
| **PLAINTIFF.** ) | |

## DEFENDANT/COUNTER-PLAINTIFF, CARTHENIA JEFFERSON'S, BRIEF IN SUPPORT OF PERMITTING ADDITIONAL COUNTER-CLAIM DEFENDANTS

Defendant/Counter-Plaintiff, Carthenia Jefferson, by and through her attorneys of record files this brief in support of her counter claim adding additional parties, pursuant to this court's July 20, 2012 order.

## PROCEDURAL BACKGROUND

On December 14, 2011 this suit was initiated by Aurora Loan Servicing, LLC against Carthenia W. Jefferson, seeking to set aside a foreclosure that was wrongfully conducted by Aurora.  On June 11, 2012 Jefferson Answered the complaint filing a counter-claim against Aurora and adding Sirote & Permutt, PC ("Sirote"), and Federal National Mortgage Association ("FNMA") as additional Defendants. At the hearing on Sirote's motion to dismiss, this court questioned Jefferson's procedure for adding the additional defendants and ordered Jefferson to provide the court the with a brief citing the authority that allows her to bring in the additional parties in this case.

## THE ALABAMA RULES OF CIVIL PROCEDURE ALLOW THE ADDITION OF PARTIES TO THIS LAWSUIT

1.      Jefferson's claims against Sirote and FNMA arise out of the same facts and circumstances out of which the injury complained of against Aurora arise. As a result, the claims against these Defendants are intertwined claims and permissible under the Alabama Rules of Civil Procedure.

2.      Rule 13, A.R.Civ.P. provides Jefferson the right to bring a counterclaim.

3.      Rule 13(h),  A.R.Civ.P. provides that "Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."

4.      Rules 19 and 20, <u>A.R.Civ.P.</u> are the rules of joinder of necessary parties and permissive joinder.

5.      The comments to Rule 13 state that "In general, the scheme of the rule is that any claim whatever which any party has against any opposing party may be asserted as a counterclaim. Rule 13(a), (b).

6.      It is immaterial whether the counterclaim is legal or equitable or in contract or in tort, or even whether it has any connection whatever with the plaintiff's claim. 6 <u>Wright & Miller, Federal Practice and Procedure</u>, § 1410 (1971). The counterclaim may ask for more or different relief than that sought by the opposing party, it need not run for all the parties on one side and against all the parties on the other, and it need not tend to diminish or defeat the recovery sought by the opposing party. Rule 13(c). Additional parties may be brought in to defend against the counterclaim where their presence is necessary for the granting of complete relief. Rule 13(h); 6 <u>Wright & Miller, Federal Practice and Procedure</u>, § 1434 (1971).

7.      Though any claim against an opposing party may be presented as a counterclaim, the rule also provides that such a claim must be pleaded as a counterclaim if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Rule 13(a). The purpose of this provision is to avoid circuity of actions, and to require assertion as counterclaims of those claims which are likely to turn on the same facts as the original claim. A counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim." Revere <u>Copper & Brass, Inc. v. Aetna Cas. & Surety Co.</u>, 426 F.2d 709 (5th Cir. 1970); <u>Diamond v. Terminal Ry. Alabama State Docks</u>, 421 F.2d 228 (5th Cir. 1970), cert. denied, 397 U.S. 1079, 90 S.Ct. 1531, 25 L.Ed.2d 815. <u>United Artists Corp. v. Masterpiece Productions</u>, Inc., 221 F.2d 213, 216 (2d Cir. 1955); <u>Martin v. Morse Boulger Destructor Co.</u>, 221 F.2d 218, 222 (2d Cir 1955) ; <u>E. J. Korvette Co., Inc. v. Parker Pen Co.</u>, 17 F.R.D. 267, 268 (S.D.N.Y.1955); <u>Douglas v. Wisconsin Alumni Research Foundation</u>, 81 F.Supp. 167, 170 (N.D.Ill.1948); 3 <u>Moore's Federal Practice</u>, Para 13.13 2d ed. 1968); 6 <u>Wright & Miller, Federal Practice and Procedure</u>, § 1410 (1971). <u>Ala. R. Civ. P.</u>, Rule 13 .

8.      To the extent that any of the additional defendants would attempt to argue that their actions and the claims against them are not subject to the compulsory counterclaim rule, Jefferson would point out that the law in the State of Alabama with respect to the definition of transaction under Rule 13 is as follows:

This definition of transaction, adopted from a similar Missouri provision, is consistent with the logical relationship test and the purpose of this rule and is as follows: Transaction imports a pliable meaning and may encompass a series of occurrences, and depends in application, not so much upon the immediacy of connection, as upon logical relationship. Claim of either the original pleader or of the counterpleader refers not to the form of the action, but "to the underlying facts combined with the law giving a party a right to a remedy of one form or another based on the claim." Subject matter of the claim does not equate merely with the cause of action, nor the object of the action, but rather describes the composite of "physical facts, the things real or personal, the money, lands,

chattels, and the like, in relation to which the suit is prosecuted." Thus, the term
transaction extends to include "all of the facts and circumstances which constitute the
foundation of a claim "all the facts and circumstances out of which the injury complained
of arose." JJ's Heating & Air Conditioning, Inc. v. Gobble-Fite Lumber Co., 572 So. 2d
1243, 1990 Ala. LEXIS 1060 (Ala. 1990).

9.      With regard to FNMA, Jefferson asserts they claim an interest in her property. In
fact, it is expected that the evidence will reveal them to be the true owners of her mortgage. As
such, they are necessary parties to this action. Alabama law provides that where a decree affects
an interest in real property, every person who claims title, ownership or interest in the realty
**must** be joined. Johnston v. White-Spunner, 342 So. 2d 754 (Ala. 1977);  Holley v. Wright, 408
So.2d 129  (Ala.. Civ. App. 1981). As such, FNMA was properly joined in accordance with Rule
19.

10.     The joinder of Sirote as a counter-claim Defendant is permissible pursuant to Rule
20.  Rule 20 provides that persons may be joined as defendants if the claims against them arose
out of occurrences or a series of transactions and if the question of law or fact common to all
defendants will arise in the action. The claims against Sirote arise out of the same facts and
circumstances out of which the injury complained of against Aurora arise, which arise from the
events surrounding the foreclosure.

11.     The purpose of Rules 19 and 20 are intended to promote trial convenience,
prevent a multiplicity of actions, litigation by inclusion in one action of all parties directly
interested in the controversy. Hooper v. Huey, 293 Ala. 63, 300 So.2d 100 (1974) overruled on
other grounds, 371 So.2d 23 (Ala. 1979)

12.     Here Jefferson alleges that her injuries, arise from the result of a series
occurrences and transactions which resulted in the foreclosure of her home. Those allegations are
well within the definition of transaction as set forth in the previous cited authority and the
requirements of Rule 19 and 20 are met by the addition of the additional parties to this action.

13.     Additionally, Rule 14 provides to Jefferson the right to join the absent parties as
additional defendants.

14.     Rule 14(a) specifically allows a defendant to bring into an action "any party" who
is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant.

15.     Rule 14 is merely a procedural vehicle to bring into the lawsuit absent parties
against whom the defendant has rights and claims as a result of being sued by the original
plaintiff.

16.     Again, it was the result of a series occurrences and transactions including those by
Sirote which resulted in the wrongful foreclosure of Jeffersons' home.

17.     No matter the avenue used to bring in the additional parties, whether Rule 13 or
Rule 14, the A.R.Civ.P. provides that the joinder of Sirote and FNMA in this suit is proper.

18.     Lastly, Rule 1 (c), A.R.Civ.P. provides that the rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action. Justice requires that the joinder of FNMA and Sirote as counter-defendants be allowed. To hold otherwise, works an unreasonable hardship on Jefferson in this case and causes the necessity of an additional expenditures to file and litigate separate claims arising from the same occurrences and transactions already at issue before this court. Additionally, should the court disallow these claims and require the filing of a new and separate lawsuit against any of the the joined Defendants, Jefferson could be without any remedy at law, based on the running of the statute of limitations of some of her claims.

19.     While Jefferson asserts the parties have not been misjoined, should the court find that any of the additional Defendants are misjoined, Jefferson prays the court implement the provisions of Rule 21, A.R.Civ. P which provides that  misjoinder is not a grounds for dismissal of an action. Instead, a misjoined party should be severed so the case can proceed separately.


/s/ Rhonda Steadman Hood
Rhonda Steadman Hood


/s/ Kenneth J. Lay
Kenneth J. Lay


**HOOD & Lay, LLC**
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205)323-4123
Fax:(205)776-2040

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was serviced on the following parties in interest via first class U.S. Mail, postage pre-paid, or by electronic filing on this 3rd day of August 2012.

Shaun Ramey, Esq.
Sirote & Permutt, PC
(Via Electronic Filing)


/s/ Rhonda Steadman Hood



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  RHONDA STEADMAN HOOD
     rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/3/2012 8:42:43 PM

D001 JEFFERSON CARTHENIA W.
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: HOOD RHONDA STEADMAN]

Notice Date:     8/3/2012 8:42:43 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   RAMEY SHAUN KEVIN
      sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/3/2012 8:42:43 PM

D001 JEFFERSON CARTHENIA W.
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: HOOD RHONDA STEADMAN]

Notice Date:      8/3/2012 8:42:43 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To: OSWALT CHERYL HOWELL
coswalt@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/3/2012 8:42:43 PM

D001 JEFFERSON CARTHENIA W.
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: HOOD RHONDA STEADMAN]

Notice Date:      8/3/2012 8:42:43 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  LAY KENNETH JAMES
     ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/3/2012 8:42:43 PM

D001 JEFFERSON CARTHENIA W.
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: HOOD RHONDA STEADMAN]

Notice Date:     8/3/2012 8:42:43 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
8/10/2012 1:49 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# STATE OF ALABAMA
Unified Judicial System

Revised 3/5/08

01-JEFFERSON - BIRMINGHAM

☐ District Court ☑ Circuit Court

Case No.

CV2

## CIVIL MOTION COVER SHEET

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON

*Name of Filing Party:* O001 - SIROTE & PERMUTT PC

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

CHERYL HOWELL OSWALT

2311 HIGHLAND AVENUE SOUTH
BIRMINGHAM, AL 35205

*Attorney Bar No.:* OSW004

☐ Oral Arguments Requested

## TYPE OF MOTION

**Motions Requiring Fee**

☐ Default Judgment ($50.00)
☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Judgment on the Pleadings ($50.00)
☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00)
☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Summary Judgment pursuant to Rule 56($50.00)
☐ Motion to Intervene ($297.00)
☐ Other _____
pursuant to Rule _____ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $ _____

**Motions Not Requiring Fee**

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during Trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☑ Other Sirote & Permutt, P.C.'s Response to
pursuant to Rule Jefferson's Brief in Support of Permitting (no filing fee)
Additional Counter-C

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
8/10/2012 1:48:06 PM

Signature of Attorney or Party:
/s/ CHERYL HOWELL OSWALT

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
8/10/2012 1:49 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CASE NUMBER CV-2011-904407** |
| ) | |
| CARTHENIA W. JEFFERSON, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| AURORA LOAN SERVICES, LLC, FEDERAL ) | |
| NATIONAL MORTGAGE ASSOCIATION, ) | |
| SIROTE & PERMUTT, P.C. ) | |
| ) | |
| Counter-Defendants. ) | |

## SIROTE & PERMUTT, P.C.'S RESPONSE TO JEFFERSON'S BRIEF IN SUPPORT OF PERMITTING ADDITIONAL COUNTER-CLAIM DEFENDANT

COMES NOW the Counter-Defendant Sirote & Permutt, P.C. (hereinafter "Sirote"), and files this Response to Defendant / Counter-Plaintiff, Carthenia Jefferson's, Brief in Support of Permitting Additional Counterclaim Defendants.  In support of its Response, Sirote avers as follows:

## I.    ADDITIONAL COUNTERCLAIM DEFENDANTS

1.        Sirote does not dispute that – in cases in which counterclaim plaintiffs are able to bring legitimate and appropriately-pled claims against third parties – Alabama Rule of Civil Procedure 13(h) allows persons "other than those made parties to the original action" to be "made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."  Importantly, however, the fact that Counter-Plaintiff may technically add an additional party as a counterclaim defendant does not absolve Counter-Plaintiff of the responsibility to adhere to the remainder of the Alabama Rules of Civil Procedure and Alabama law regarding

counterclaims. Specifically, if Counter-Plaintiff fails to state a claim upon which relief can be granted, then even though Rule 13(h) may allow Counter-Plaintiff to add an additional party to the counterclaim, Sirote's Motion to Dismiss is due to be granted, as Counter-Plaintiff must meet the other requirements of pleading a counterclaim, and has failed to due so in the present case.

## II.   COUNTER-PLAINTIFF'S FDCPA ARGUMENTS IN SUPPORT OF DENYING SIROTE'S MOTION TO DISMISS SHOULD BE IGNORED, AS COUNTER-PLAINTIFF HAS ADMITTED THE STATUTE OF LIMITATIONS HAS EXPIRED FOR SUCH CLAIMS.

2.       Rather than focusing on the "additional party" issue, Sirote urges this Honorable Court to redirect its attention to Counter-Plaintiff's failure to state a claim upon which relief may be granted, as such arguments were set forth in Sirote's Motion to Dismiss. Sirote also urges this Court to take notice that, at the hearing on Sirote's Motion to Dismiss, Counsel for Counter-Plaintiff argued that Counter-Plaintiff's negligence and wantonness claims are supported by the Federal Debt Collection Practices Act ("FDCPA") although Counter-Plaintiff's Counsel admitted to this Court that the statute of limitations prevents Counter-Plaintiff from bringing claims under the FDCPA.

Section 169k(d) of the FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within one year* from the date on which the violation occurs." 15 U.S.C.A § 169k(d) (2010) (emphasis added). Sirote conducted the foreclosure sale on or about May 11 2010. Counter-Plaintiff filed the counterclaim at issue on May 11, 2012 – approximately two years after the foreclosure sale and one year after the above-quoted statute of limitations had expired.

Importantly, Counter-Plaintiff cannot use statutorily-created duties under the FDCPA as a basis for her negligence and wantonness claims, when such duties only exist by

virtue of a statute that cannot apply to the present case because the statute of limitations has expired for any and all possible FDCPA claims.

## III.   STANDARD OF REVIEW

3.     The Alabama Supreme Court has stated many times the standard of review applicable to motions to dismiss brought pursuant to Rule 12(b)(6): "'[A] Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'"  *See EB Invs., L.L.C. v. Atlantis Dev., Inc.*, 930 So. 2d 502, 507 (Ala. 2005) (quoting and citing cases).  Even in light of this stringent standard, Counter-Plaintiff's Counterclaim fails in every respect to properly allege the required elements of any cause of action against Sirote.

## IV.   FAILURE TO PROPERLY ALLEGE NEGLIGENCE

4.     Counter-Plaintiff alleges negligence against Sirote; however, Counter-Plaintiff utterly fails to identify and/or allege any facts in support of her negligence claim that would grant her any relief, either in common law or by statute.  Importantly, Counter-Plaintiff merely uses the adverb "negligently" to describe Sirote's act of initiating a foreclosure sale of the property. Counter-Plaintiff fails to state any facts that would describe – even in general terms – what steps in the foreclosure process Counter-Plaintiff claims that Sirote took that were negligent.

5.     In Alabama, the plaintiff is master of his complaint.  It is the plaintiff's burden to plead all elements of each cause of action in the complaint, or risk dismissal.  *See Day v. AmSouth Bank*, 472 So. 2d 637, 639 (Ala. 1985) (quoting *Lloyd v. Community Hosp. of Andalusia, Inc.*, 421 So. 2d 112 (Ala. 1982), in affirming dismissal of a complaint: "Nonetheless, when the complaint is devoid of averments of the requisite elements of any legal claim upon which plaintiff might be entitled to relief, the motion is to be granted.  '[I]t is not

enough [for the pleading] to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining [of], and can see that there is some legal basis for recovery.' *Thurston v. Setab Computer Institute*, 48 F.R.D. 134, 135 (D.C.N.Y. 1969), quoting *Eli E. Albert, Inc. v. Dun & Bradstreet, Inc.*, 91 F. Supp. 283, 284 (D.C.N.Y. 1950), and J. Moore, *Moore's Federal Practice*, at 1653 (2d ed. 1948).").

6.      In *Colbert v. First National Bank of Atmore*, 75 So.3d 145 (Ala. Civ. App. 2011), the court noted the required elements of a negligence claim under Alabama law: "The elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Id.* at 151 (quoting *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So.2d 665, 679 (Ala. 2001)).

7.      In her negligence claim, Counter-Plaintiff has merely alleged that Sirote conducted the foreclosure sale on Counter-Plaintiff's property: "[Sirote] negligently initiated a foreclosure sale on Counter-Plaintiff's property." (Counterclaim ¶ 32)  Moreover, Counter-Plaintiff failed to allege that Sirote owed a duty to Counter-Plaintiff, and breached that duty, as required under Alabama law.  As set forth in *Day*, "it is not enough [for the pleading] to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining [of], and can see that there is some legal basis for recovery."  *Day*, 472 So. 2d at 639.  On these grounds alone, Counter-Plaintiff's Counterclaim against Sirote is due to be summarily dismissed.

8.      Sirote was hired by Aurora to conduct the foreclosure sale.  Essentially, Counter-Plaintiff has failed to plead anything other than the fact that Sirote conducted the foreclosure sale, as it was authorized to do so by its client.  Therefore, Counter-Plaintiff's negligence claim is due to be dismissed.

## V.      FAILURE TO PROPERLY ALLEGE WANTONNESS

9.      Counter-Plaintiff alleges wantonness against Sirote; however, Counter-Plaintiff utterly fails to identify and/or allege any facts in support of her wantonness claim that would grant her any relief, either in common law or by statute. Importantly, Counter-Plaintiff merely states that Sirote "acted with reckless indifference to the consequences, and consciously and intentionally and wrongfully initiated a foreclosure sale on Counter-Plaintiff's property." Counter-Plaintiff fails to state any facts that would describe – even in general terms – what steps in the foreclosure process Counter-Plaintiff claims that Sirote took that were wantonness.

10.      As stated above, the plaintiff is master of his complaint.  It is the plaintiff's burden to plead all elements of each cause of action in the complaint, or risk dismissal.  *See Day v. AmSouth Bank*, 472 So. 2d 637, 639 (Ala. 1985) (quoting *Lloyd v. Community Hosp. of Andalusia, Inc.*, 421 So. 2d 112 (Ala. 1982), in affirming dismissal of a complaint: "Nonetheless, when the complaint is devoid of averments of the requisite elements of any legal claim upon which plaintiff might be entitled to relief, the motion is to be granted.  '[I]t is not enough [for the pleading] to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining [of], and can see that there is some legal basis for recovery' *Thurston v. Setab Computer Institute*, 48 F.R.D. 134, 135 (D.C.N.Y. 1969), quoting *Eli E. Albert, Inc. v. Dun & Bradstreet, Inc.*, 91 F. Supp. 283, 284 (D.C.N.Y. 1950), and J. Moore, *Moore's Federal Practice*, at 1653 (2d ed. 1948).").

11.      In *Colbert v. First National Bank of Atmore*, 75 So.3d 145 (Ala. Civ. App. 2011), the court noted the required elements of a wantonness claim under Alabama law: "'Wantonness' has been defined by this Court as the conscious doing of some act or the omission of some duty,

while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Id.* at 151 (quoting *Alfa Mut. Ins. Co. v. Roush,* 723 So.2d 1250, 1256 (Ala. 1998)).

12.      In her wantonness claim, Counter-Plaintiff has merely alleged that Sirote conducted the foreclosure sale on Counter-Plaintiff's property with "reckless indifference to the consequences."   Although many mortgagors are not pleased with the result of the foreclosure sales that Sirote conducts on behalf of its clients, the fact that a mortgagor does not approve of the foreclosure sale does not mean that Sirote has acted with wantonness in conducting the sale. As set forth in *Day,* "it is not enough [for the pleading] to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining [of], and can see that there is some legal basis for recovery."  *Day*, 472 So. 2d at 639.  On these grounds alone, Counter-Plaintiff's Counterclaim against Sirote is due to be summarily dismissed.

13.      Counter-Plaintiff has failed to offer any basis for its wantonness claim. Therefore, Counter-Plaintiff's claim fails to establish the elements of wantonness and, therefore, is due to be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, because the Counter-Plaintiff has plead no set of facts under any attempted cause of action whereby relief might be afforded to Counter-Plaintiff, and against Sirote, the Counter-Plaintiff's Counterclaim is due to be dismissed in its entirety as it pertains to the defendant Sirote. Sirote therefore respectfully requests that the Court enter an Order dismissing any and all allegations, averments, or claims by Counter-Plaintiff against Sirote, whether set forth above in argument or not, and dismissing Sirote from this action.

/s/ Cheryl H. Oswalt
Shaun K. Ramey (RAM 015)
Cheryl H. Oswalt (OSW 004)
**Attorneys for Counter-Defendant**
**Sirote & Permutt, P.C.**

**OF COUNSEL**
SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL  35205
Telephone: (205) 930-5100
Facsimile:  (205) 930-5101
Email: sporterfield@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2012, I electronically filed the foregoing with the Clerk of the Court using the AlaFile e-filing system, which will send notification of such filing to all counsel of record and via United States Mail, postage prepaid and properly addressed to the following:

Rhonda Steadman Hood
Kenneth J. Lay
WOOTEN, HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205).323.4123
Fax: (205).776.2040
rhonda@whlfirm.com

/s/ Cheryl H. Oswalt
Of Counsel



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To: CHERYL HOWELL OSWALT
coswalt@sirote.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/10/2012 1:49:07 PM

O001 SIROTE & PERMUTT PC
SIROTE & PERMUTT, P.C.'S RESPONSE TO JEFFERSON'S BRIEF IN SUPPORT OF PERMITTING
ADDITIONAL COUNTER-C
[Filer: OSWALT CHERYL HOWELL]

Notice Date:     8/10/2012 1:49:07 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   RAMEY SHAUN KEVIN
      sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/10/2012 1:49:07 PM

O001 SIROTE & PERMUTT PC

SIROTE & PERMUTT, P.C.'S RESPONSE TO JEFFERSON'S BRIEF IN SUPPORT OF PERMITTING
ADDITIONAL COUNTER-C

[Filer: OSWALT CHERYL HOWELL]

Notice Date:     8/10/2012 1:49:07 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   LAY KENNETH JAMES
      ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/10/2012 1:49:07 PM

O001 SIROTE & PERMUTT PC

SIROTE & PERMUTT, P.C.'S RESPONSE TO JEFFERSON'S BRIEF IN SUPPORT OF PERMITTING
ADDITIONAL COUNTER-C

[Filer: OSWALT CHERYL HOWELL]

Notice Date:      8/10/2012 1:49:07 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   HOOD RHONDA STEADMAN
      rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/10/2012 1:49:07 PM

O001 SIROTE & PERMUTT PC

SIROTE & PERMUTT, P.C.'S RESPONSE TO JEFFERSON'S BRIEF IN SUPPORT OF PERMITTING
ADDITIONAL COUNTER-C

[Filer: OSWALT CHERYL HOWELL]

Notice Date:      8/10/2012 1:49:07 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov


ELECTRONICALLY FILED
8/13/2012 3:42 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION**

AURORA LOAN SERVICES, LLC,    )
Plaintiff,    )
    )
V.    )  Case No.:    CV-2011-904407.00
    )
JEFFERSON CARTHENIA W.,    )
Defendant.    )

**ORDER**

The Court finds that Counterclaim-Plaintiff, Carthenia W. Jefferson, has failed to allege any FDCPA claim before the expiration of the Statute of Limitations and has failed to allege any other claim sufficiently to identify any basis for such claim.

    Therefore, the Motion to Dismiss the Counterclaim against Sirote and Permutt, P. C. is granted.

**DONE this 13ᵗʰ day of August, 2012.**

                    **/s/ ED RAMSEY**
                    **CIRCUIT JUDGE**



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   RAMEY SHAUN KEVIN
      sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/13/2012 3:42:50 PM

Notice Date:      8/13/2012 3:42:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  OSWALT CHERYL HOWELL
     coswalt@sirote.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/13/2012 3:42:50 PM

Notice Date:     8/13/2012 3:42:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   LAY KENNETH JAMES
      ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/13/2012 3:42:50 PM

Notice Date:      8/13/2012 3:42:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   HOOD RHONDA STEADMAN
      rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 8/13/2012 3:42:50 PM

Notice Date:      8/13/2012 3:42:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
9/13/2012 3:21 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2011-904407.00 |
| | ) |
| JEFFERSON CARTHENIA W., | ) |
| Defendant. | ) |

**ORDER**

This case is set for a scheduling conference on October 4, 2012 at 8:45 a.m.

**DONE this 13th day of September, 2012.**

/s/ **ED RAMSEY**
**CIRCUIT JUDGE**



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   RAMEY SHAUN KEVIN
      sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 9/13/2012 3:21:18 PM

Notice Date:      9/13/2012 3:21:18 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To: OSWALT CHERYL HOWELL
coswalt@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 9/13/2012 3:21:18 PM

Notice Date:        9/13/2012 3:21:18 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  LAY KENNETH JAMES
     ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 9/13/2012 3:21:18 PM

Notice Date:      9/13/2012 3:21:18 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   HOOD RHONDA STEADMAN
      rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 9/13/2012 3:21:18 PM

Notice Date:      9/13/2012 3:21:18 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
9/17/2012 5:56 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NUMBER CV-2011-904407** |
| ) | |
| CARTHENIA W. JEFFERSON, ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| AURORA LOAN SERVICES, LLC, et al., ) | |
| ) | |
| **Counterclaim-Defendants.** ) | |

## <u>NOTICE OF SERVICE OF DISCOVERY</u>

PLEASE TAKE NOTICE that on September 17, 2012, Aurora Loan Services, LLC and Federal National Mortgage Association (collectively "Counter-Defendants"), served the following discovery document on counsel for all parties of record by United States Postal Service:

     1.    Counter-Defendants' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendant, Carthenia W. Jefferson.

                    s/ Cheryl H. Oswalt
                    Shaun K. Ramey (RAM015)
                    Cheryl Howell Oswalt (OSW004)
                    Attorneys for Counterclaim Defendants,

**OF COUNSEL:**

**SIROTE & PERMUTT, PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:    205-930-5100
Fax:    205-930-5101
sramey@sirote.com
coswalt@sirote.com

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on September 17, 2012, I electronically filed the foregoing with the Clerk of the Court using the AlaFile e-filing system, which will send notification of such filing to all counsel of record and via United States Mail, postage prepaid and properly addressed to the following:

   Kenneth J. Lay, Esq.
   HOOD & LAY, LLC
   1117 22nd Street South
   Birmingham, Alabama 35205

       s/ Cheryl H. Oswalt
       Of Counsel



AlaFile E-Notice

01-CV-2011-904407.00

To:  CHERYL HOWELL OSWALT
     coswalt@sirote.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 9/17/2012 5:56:31 PM

Notice Date:      9/17/2012 5:56:31 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:   RAMEY SHAUN KEVIN
      sramey@sirote.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 9/17/2012 5:56:31 PM

Notice Date:       9/17/2012 5:56:31 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:   LAY KENNETH JAMES
      ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 9/17/2012 5:56:31 PM

Notice Date:      9/17/2012 5:56:31 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:   HOOD RHONDA STEADMAN
      rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 9/17/2012 5:56:31 PM

Notice Date:      9/17/2012 5:56:31 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov


ELECTRONICALLY FILED
05/2012 10:45 AM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| AURORA LOAN SERVICES, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) Case No.: | CV-2011-904407.00 |
| | ) | |
| JEFFERSON CARTHENIA W., | ) | |
| Defendant. | ) | |

**<u>SCHEDULING ORDER AND TRIAL SETTING</u>**

As a result of the Status Conference, the following is ordered:

1.  **The case is set for trial during the week of April 15, 2013, in Courtroom 670, Jefferson County Courthouse, Birmingham, Alabama.  The Docket Call will be held on Friday, April 12, 2013, at 8:30 a.m.  The provisions of Exhibit A attached hereto apply to the trial of this action.**

This case **shall** be disposed of on or before the trial date, unless the court grants a timely filed Motion for Continuance for good cause shown.  The parties are advised that the fact that the trial setting is a first setting, that the parties have agreed to a continuance, that discovery has not been completed, or other such reasons will **not** be considered "good cause."

2.   All fact discovery, including all depositions, shall be initiated in time to be completed by **February 15, 2013, the discovery cut-off date.**

3.   The parties must be mindful of their discovery obligations.  Discovery requests must be neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.  Objections are deemed waived if not timely asserted in response to discovery requests.  Objections must be specifically tailored to the request at issue - general or boilerplate objections shall be given no effect.  All requests for admission that are not timely denied are deemed admitted.  The parties must also heed Ala.R.Civ.P. 37(a)(4), which generally authorizes an award of attorneys' fees to the successful party upon adjudication of a Rule 37 motion.  Failure to comply with an order compelling responses to discovery will lead to the imposition of further sanctions.

4.   The provisions of Exhibit B attached hereto apply to motions filed in this action.  Motions for Summary Judgment or other dispositive motions must be filed and hearing

date shall be on or before **March 15, 2013.**

5. The *Birmingham Differential Case Management Plan* is incorporated into this Scheduling Order by reference. A copy of the *Birmingham Differential Case Management Plan* can be found at http://10jc.alacourt.gov.

6. **If a court reporter is desired, the attorneys and/or parties are directed to make provisions for a court reporter prior to the beginning of trial**.

**DONE this 5th day of October, 2012.**

**/s/ ED RAMSEY**
**CIRCUIT JUDGE**

## EXHIBIT A

*The following provisions shall apply to the trial of this action:*

1. The parties are to exchange the following items so that each party has received the other's items no later than **14 calendar days** before the trial of this case:

(A) Itemizations of all damages claimed, showing the amount and, if applicable, the methodology used to compute all such damages.

(B) Witness lists stating the names and addresses of specific individuals who are expected to testify at trial. While identification of an individual does not obligate the party to call that individual as a witness, any individual not identified will be precluded from testifying at trial without leave of Court, which will be granted only for good cause shown. The obligations of this sub-paragraph do not pertain to rebuttal witnesses the identities of whom cannot reasonably be foreseen ahead of trial.

(C) Exhibit lists identifying *with specificity and particularity* all documents, photographs and other tangible exhibits that the parties intend to use at trial. Exhibits so identified are to be made readily available to any party requesting the opportunity to review and copy. Any exhibit not identified *with specificity and particularity* will not be admitted into evidence without leave of Court, which will be granted only for good cause shown.

2. Unless objections are filed and served no later than **7 calendar days** before trial, each party shall be deemed to have no objection to the competence of every individual identified in witness lists to testify and to the authenticity and admissibility of every item identified in the exhibit lists. Should any objection be filed and served, the party raising it shall state the basis of the objection.

3. In jury cases, no later than **7 calendar days** before trial, the parties shall file and serve any motions *in limine*. Further, by **7 calendar days** before trial, any proposed jury instructions and verdict forms shall be submitted to the Court. If requested instructions comport with the most recent version of the *Alabama Pattern Jury Instruction* charges, the submitting party may simply file a list of the requested APJI charges without setting out the full text of each such charge.

4. The parties are to provide "courtesy copies" of all papers identified in paragraphs 1-3 above by delivering them to the chambers of the undersigned when the originals are filed with the Clerk of the Court. Parties may submit "trial briefs," although such briefs are not required. Any such

brief should, in fact, be truly brief.

5.  The parties are encouraged to consider using, and preparing, written stipulations of fact, so that a jury may focus on the actual factual dispute remaining for adjudication by trial.

6.  All exhibits, properly identified and without objection (or with objections overruled), are to be pre-marked and will be admitted at the beginning of trial.

7.  Counsel are reminded that a party desiring a court reporter in attendance at the trial of this cause must specifically request a reporter by advising the Court's chambers no later than **4 days before the trial.**  The party making such request must assume, and by this order agrees to assume, the responsibility for payment directly to the court reporter for all costs and expenses attendant to the reporter's services at trial, in the absence of an agreement by the parties to share this financial responsibility jointly.

**<u>EXHIBIT B</u>**

## MOTION PROVISIONS

***The following provisions apply to motions filed in this action:***


1.  If a hearing is requested, the date and time for hearing all motions shall be obtained from the Judge's office **before** filing such motions.  Notice of the hearing date and time shall be prominently shown on the first page of the motion, in the style of the case underneath the civil action number.

2.  Paper copies of any materials in support of motions, including briefs, in excess of 10 pages must be provided to the Judge's chambers.  Courtesy copies shall be delivered no later than **2 business days** before the hearing.

3.  No materials electronically filed less than **3 business days** prior to a hearing date will be considered by the Court.  No material hand delivered to the Judge's office less than **2 business days** prior to the hearing date will be considered by the Court.

4.  Proposed orders shall not be filed with or attached to motions, but shall be submitted to the Court's designated email address in the format preferred by the individual judge.  If the lines below are blank or if the email address is no longer active, the pertinent information may be obtained by calling the Judge's office.

**Email: edward.ramsey@alacourt.gov**
**Preferred format: Microsoft Word**
5.  The Court encourages the parties to engage in voluntary mediation at any time so long as the mediation does not result in a delay of any dates set in the Scheduling Order.  Any motion for mandatory mediation must be filed within **42 days** of this order.

6.  No pleading or motion shall be filed by facsimile.  No copies shall be sent to the Judge by facsimile unless specifically requested.



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  RAMEY SHAUN KEVIN
      sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 10/5/2012 10:45:11 AM

Notice Date:      10/5/2012 10:45:11 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  OSWALT CHERYL HOWELL
     coswalt@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 10/5/2012 10:45:11 AM

Notice Date:      10/5/2012 10:45:11 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   LAY KENNETH JAMES
      ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 10/5/2012 10:45:11 AM

Notice Date:     10/5/2012 10:45:11 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  HOOD RHONDA STEADMAN
     rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 10/5/2012 10:45:11 AM

Notice Date:     10/5/2012 10:45:11 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
03/1/2012 12:56 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **AURORA LOAN SERVICES, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NUMBER CV-2011-904407** |
| ) | |
| **CARTHENIA W. JEFFERSON,** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| **AURORA LOAN SERVICES, LLC, FEDERAL** ) | |
| **NATIONAL MORTGAGE ASSOCIATION,** ) | |
| ) | |
| **Counter-Defendants.** ) | |

## CARTHENIA JEFFERSON'S RESPONSES TO REQUESTS FOR ADMISSION

Carthenia Jefferson, Defendant/Counterclaim Plaintiff hereby objects and responds to Aurora Loan Services, LLC and Federal National Mortgage Association First Requests for Admission:

### GENERAL OBJECTIONS

1.      Counter Plaintiff objects to Defendants' First Requests for Admission, and the definitions and instructions contained therein, to the extent they seek information that is protected by the attorney-client privilege, the attorney work-product doctrine and any other applicable doctrine or privilege.

2.      Counter Plaintiff objects to Defendants' First Requests for Admission, the definitions and instructions contained therein, to the extent they purport to impose on Counter Plaintiff duties and/or responsibilities greater than those imposed by the Alabama Rules of Civil Procedure.

3. CounterPlaintiff objects to Defendants' First Requests for Admission, and the definitions and instructions contained therein, to the extent they seek information that does not exist or that is not in Counter Plaintiff's possession, custody, or control.

4.      Counter Plaintiff reserves all objections at any hearing or trial to the admissibility, relevance, competence, or materiality of any information produced pursuant to these requests.

5.      Counter Plaintiff objects to Defendant's First Requests for Admission, and the definitions and instructions contained therein, to the extent they seek Plaintiff's legal contentions at this time and are premature.

6.      Counter Plaintiff objects to Defendants' First Requests for Admission, and the definitions and instructions contained therein, to the extent they seek information relating to activities beyond the scope of this investigation.

7.      Counter Plaintiffs object to Defendants' First Requests for Admission, and the definitions and instructions contained therein, to the extent they request disclosure of information that Counter Plaintiff cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to do so.

8.      Counter Plaintiff objects to Defendants' First Requests for Admission to Counter Plaintiff, and the definitions and instructions contained therein, as unduly burdensome and oppressive.

9.      Counter Plaintiff objects to Counter Defendants' First Requests for Admission, and the definitions and instructions contained therein, to the extent that they seek the disclosure of information already in the possession, custody, or control of Defendants, as being overly broad, unduly burdensome and expensive, and not consistent with the Alabama Rules of Civil Procedure.

10.     Counter Plaintiff objects to Defendants' First Requests for Admission to the extent that they seek information or documents that are beyond the control of Counter Plaintiff, as being beyond the scope of the Alabama Rules of Civil Procedure.

11.     To the extent that Defendants' First Requests for Admission calls for documents

or information originated by persons or entities other than Counter Plaintiff or now in the possession of persons or entities other than Counter Plaintiff, Counter Plaintiff objects to each such request on the ground that they are unduly burdensome and expensive, overly broad and oppressive, and that each such request is more properly directed to such other parties.

12.     Discovery is ongoing, and additional objections may be discovered that are not set forth herein. Counter Plaintiff reserves the right to supplement, amend, revise, change, correct or clarify its answers, responses, and objections, based on continued discovery and investigation. Counter Plaintiff also reserves the right to object to the use of any responses or the subject matter thereof in this action, or in any other proceeding.

### RESPONSE TO REQUESTS FOR ADMISSION

1.     Admit that at all times relevant to the present lawsuit, you received mail at 2128 Oakwood Drive, Birmingham, AL 35215.
**Admitted.**

2.     Admit that you signed and executed the mortgage attached as Exhibit "A" hereto.
**Counter Plaintiff is without sufficient information to admit or deny this request without examining the original document.   Without waiving the objections, Counter Plaintiff admits that it appears to be a copy of the mortgage he executed. The remainder of the request is denied.**

3.     Admit that you signed and executed the note attached as Exhibit "B" hereto.
**Counter Plaintiff is without sufficient information to admit or deny this request without examining the original document.   Without waiving the objections, Counter Plaintiff admits that it appears to be a copy of the note he executed. The remainder of the request is**

**denied.**

4.      Admit that no other entities or third parties, other than the Counter-Defendants, have contacted you demanding repayment under the terms of the subject mortgage and note.

**Admitted.**

5.      Admit that your loan was in default at the time the foreclosure sale took place.

**Objection, this request is improper and in violation of the Alabama Rules of Civil Procedure because the subject matter of this request concerns a matter known to be in dispute. Without waiving the objections, and to the extent an answer is required, Counter Plaintiff denies and incorporates by reference the allegations contained in Counter Plaintiff's Counterclaim.**

6.      Admit that you did not pay the alleged "sum certain" referred to in paragraph 74 of your Counterclaim on or before May 10, 2010.

**Objection, this request is improper and in violation of the Alabama Rules of Civil Procedure because the subject matter of this request concerns a matter known to be in dispute. Without waiving the objections, and to the extent an answer is required, Counter Plaintiff denies and incorporates by reference the allegations contained in Counter Plaintiff's Counterclaim.**

7.      Admit that you have refused to execute a Reaffirmation of Mortgage.

**Objection, this request is improper and in violation of the Alabama Rules of Civil Procedure because the subject matter of this request concerns a matter known to be in dispute. Without waiving the objections, and to the extent an answer is required, Counter Plaintiff denies and incorporates by reference the allegations contained in Counter Plaintiff's Counterclaim.**

/s/ Rhonda Steadman Hood
Rhonda Steadman Hood, Esq. (HOO024)
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, AL 35205
(205) 323-4123
(205) 776-2040 fax

## CERTIFICATE OF SERVICE

I hereby certify that on 31st day of October, 2012 I electronically filed the foregoing with the Clerk of the Court using the AlaFile e-filing system, which will send notification of such filing to the counsel of record, or where required USPS, postage pre-paid:

Shaun K. Ramey
Cheryl Howell Oswalt

/s/ Rhonda Steadman Hood
Of Counsel



AlaFile E-Notice

01-CV-2011-904407.00

To:  RHONDA STEADMAN HOOD
     rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 10/31/2012 12:56:53 PM

Notice Date:      10/31/2012 12:56:53 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:   RAMEY SHAUN KEVIN
       sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 10/31/2012 12:56:53 PM

Notice Date:       10/31/2012 12:56:53 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:  OSWALT CHERYL HOWELL
     coswalt@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 10/31/2012 12:56:53 PM

Notice Date:     10/31/2012 12:56:53 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:  LAY KENNETH JAMES
ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 10/31/2012 12:56:53 PM

Notice Date:     10/31/2012 12:56:53 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
1/20/2012 4:02 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC )
MORTGAGE ASSOCIATION, )
       )
     PLAINTIFF, )
       )
v.        ) CIVIL ACTION NO.:CV- 11-904407
       )
CARTHENIA  W.  JEFFERSON )
       )
     DEFENDANT. )

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendant, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, and requests that the Plaintiff within the time prescribed by the rules to produce the following documents to the Defendant:

1.     Any and all documents concerning the foreclosure sale which forms the basis of this lawsuit.

2.     Any and all mortgages concerning the real property which forms the basis of this lawsuit.

3.     Any and all notices sent to the Defendants from the Plaintiff during the last three years.

4.     An accounting of any and all payments made by to the Plaintiff by or on behalf of the Defendants or made by anyone toward the payment of any mortgage concerning this property.

5.     Any promissory notes concerning the real property which forms the basis of this lawsuit.

1

6.      Any publication notices concerning the real property which forms the basis of this lawsuit.

7.      All original loan documents concerning the real property which forms the basis of this lawsuit.

8.      Any and all records concerning the real property which forms the basis of this lawsuit.

9.      Any and all instructions or disclosures concerning the real property which forms the basis of this lawsuit.

10.     Any deeds concerning the real property which forms the basis of this lawsuit.

11.     Any and all records regarding the sale of the real property which forms the basis of this lawsuit.

12.     A copy of the payment history concerning the real property which forms the basis of this lawsuit.

13.     Any and All waiver of rights by any Defendants concerning the real property which forms the basis of this lawsuit.

14.     Any and All written communications between the Plaintiff and any Defendant during the last three years.

15.     Any and all records of any verbal communications between the Plaintiff and the Defendants during the last three years.

16.     The RESPA disclosures regarding the sale of this property and the mortgage involved with this suit.

17.     Any and all documents indicating a sale, assignment, or transfer
of the mortgage or note including any recordings of any such
transfers.

18.     Any and all servicing agreements including pooling and servicing
agreements.

19.     The loan collateral file

20.     Any documents regarding the approval of the loan including the
loan application.

21.     Any and appraisals done on the property.

22.     Any and all recording, notes, or other evidence from the
auctioneer indicating that the sale actually took place.

Respectfully Submitted:

**/s/** Kenneth J. Lay
_____
Kenneth J. Lay (LAY 002)
Attorney for the Defendant
HOOD & Lay, LLC
1117 South 22nd Street
Birmingham, AL 35205
(205) 323-4123

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing discovery upon
all counsel of record by electronic filing this the 1st day of November, 2012

/s/ Kenneth J. Lay
_____
Kenneth J. Lay

3



AlaFile E-Notice

01-CV-2011-904407.00

To:   KENNETH JAMES LAY
      ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 11/1/2012 4:02:16 PM

Notice Date:      11/1/2012 4:02:16 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

 AlaFile E-Notice

01-CV-2011-904407.00

To:  RAMEY SHAUN KEVIN
     sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 11/1/2012 4:02:16 PM

Notice Date:      11/1/2012 4:02:16 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:  OSWALT CHERYL HOWELL
coswalt@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 11/1/2012 4:02:16 PM

Notice Date:     11/1/2012 4:02:16 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

To:   HOOD RHONDA STEADMAN
      rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following discovery was FILED on 11/1/2012 4:02:16 PM

Notice Date:      11/1/2012 4:02:16 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

# STATE OF ALABAMA
Unified Judicial System

Revised 3/5/08

01-JEFFERSON

☐ District Court   ☑ Circuit Court

Case No.

CV2011-904407.00

ELECTRONICALLY FILED
12/4/2012 10:25 AM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## CIVIL MOTION COVER SHEET

| | |
|---|---|
| AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON | Name of Filing Party: C001 - AURORA LOAN SERVICES, LLC<br>O002 - FEDERAL NATIONAL MORTGAGE ASSOCIATION |

Name, Address, and Telephone No. of Attorney or Party. If Not Represented.

SHAUN KEVIN RAMEY

2311 HIGHLAND AVENUE SOUTH
BIRMINGHAM, AL 35205

Attorney Bar No.:  RAM015

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| pursuant to Rule _____ ($50.00) | ☐ Objection of Exemptions Claimed |
| _____ | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| ☐ Local Court Costs $ _____ | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Joint Motion for Entry of Consent Order on Plaintiff's Complaint |
| | pursuant to Rule   N/A   (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>12/4/2012 10:24:20 AM | Signature of Attorney or Party:<br><br>/s/ SHAUN KEVIN RAMEY |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
5/24/2011 10:25 AM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| CARTHENIA W. JEFFERSON, | )      **CV 2011-904407** |
| | ) |
|       **Defendant.** | ) |
| | ) |
| | ) |
| | ) |

## JOINT MOTION FOR ENTRY OF
## CONSENT ORDER ON PLAINTIFF'S COMPLAINT

COME NOW Plaintiff/Counter Defendant Aurora Loan Services, LLC ("Aurora"), Counter-Defendant Federal National Mortgage Association ("FNMA"), and Defendant/Counterclaim Plaintiff Carthenia W. Jefferson ("Jefferson") (hereinafter collectively the "Parties"), by and through their undersigned counsel, and file this Joint Motion for Entry of Consent Order on Plaintiff's Complaint to set aside a foreclosure deed and reinstate a mortgage concerning a piece of property that is the subject of the Complaint and which has an address of 2128 Oakwood Drive, Birmingham, AL 35215 (the "Property") and for declaratory judgment as requested in the Complaint. In further support thereof, the Parties state as follows:

1.      Pursuant to an agreement of the Parties, an Order is due to be entered setting aside the foreclosure deed and reinstating the mortgage against the Property.

2.      The Parties agree that once the Order is entered, it will be recorded with the Office of the Judge of Probate of Jefferson County, Alabama and will be conclusive proof of reinstatement of the mortgage against the Property.

3.       The Parties stipulate that none of them has made any admission that the foreclosure was wrongful or improper.

4.       The Parties agree that Jefferson's claims as laid out in the Counterclaim filed against Aurora and FNMA are not waived by the entry of this Order and the claims are to remain pending. The Parties anticipate filing a motion to rearrange the parties after the entry of the Consent Order.

5.       The proposed Order attached hereto as Exhibit "A" should be entered forthwith by the Court upon receipt of this motion.

Respectfully Submitted,


/s/ Shaun K. Ramey
Shaun K. Ramey (RAM015)
Attorney for Plaintiff and Counterclaim-
Defendants: Aurora Loan Services, LLC and
Federal National Mortgage Association,

**OF COUNSEL:**
SIROTE & PERMUTT, PC
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:    205-930-5100
Fax:    205-930-5101
sramey@sirote.com

/s/ Kenneth J. Lay
Kenneth J. Lay
Rhonda S. Hood
Attorney for Defendant/Counterclaim-
Plaintiff, Carthenia W. Jefferson

**OF COUNSEL:**
HOOD & LAY, LLC
1117 22nd Street South, Ste 101
Birmingham, Alabama 35205
Tel: (205) 323-4123
Fax:(205) 776-2040

# Exhibit "A"

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **AURORA LOAN SERVICES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CV 2011-904407** |
| **CARTHENIA W. JEFFERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |

### ORDER

THIS CAUSE coming to be considered on the Joint Motion for Consent Order filed by Plaintiff/Counter Defendant Aurora Loan Services, LLC ("Aurora"), Counter-Defendant Federal National Mortgage Association ("FNMA"), and Defendant/Counterclaim Plaintiff Carthenia W. Jefferson ("Jefferson") (collectively, the "Parties"), it is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

1.    That Plaintiff having filed a Complaint to set aside a foreclosure deed and reinstate a mortgage concerning a piece of property that is the subject of the Complaint and which has an address of 2128 Oakwood Drive, Birmingham, AL 35215, and more particularly described as:

> Lot 11, in Block 1, according to the Survey of Oakbrook Second Sector, as recorded in Map Book 151, Page 40, in the Office of the Judge of Probate of Jefferson County, Alabama.

(the "Property"), and this Court having considered same, now determines that said Motion for Consent Order is due to be granted.

2.    That the May 11, 2010 foreclosure sale and foreclosure deed recorded on or about May

18, 2010, in Book LR201004, Page 13302, in the Office of the Judge of Probate of Jefferson County, Alabama (the "Probate Office"), are a nullity, void and of no legal effect.

3.      That said foreclosure deed is expunged from the Records of the Office of the Judge of Probate of Jefferson County, Alabama.

4.      In setting aside the foreclosure, this Court makes no determination at this time as to whether the foreclosure was wrongful or improper and those claims on Jefferson's part remain pending to be adjudicated at a later date by this Court.

5.      That the mortgage, given by Carthenia Jefferson, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Home Loan Center, Inc., dba Lending Tree Loans in the amount of $152,000.00, which was recorded on or about August 18, 2006, in Book LR200613, Page 28564, said mortgage being subsequently transferred and assigned to Aurora and recorded on or about September 9, 2009, in Book LR200909, Page 3365, is a valid, first position lien on the Property, superior to any existing junior lien on the Property.

6.      That all terms and provisions of the mortgage are to remain in full force and effect.

7.      That costs are taxed as paid.

Done this _____ day of _____, 2012.


_____
CIRCUIT JUDGE



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:   SHAUN KEVIN RAMEY
      sramey@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 12/4/2012 10:25:20 AM

C001 AURORA LOAN SERVICES, LLC

O002 FEDERAL NATIONAL MORTGAGE ASSOCIATION

JOINT MOTION FOR ENTRY OF CONSENT ORDER ON PLAINTIFF'S COMPLAINT

[Filer: RAMEY SHAUN KEVIN]

Notice Date:     12/4/2012 10:25:20 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  OSWALT CHERYL HOWELL
coswalt@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 12/4/2012 10:25:20 AM

C001 AURORA LOAN SERVICES, LLC
O002 FEDERAL NATIONAL MORTGAGE ASSOCIATION
JOINT MOTION FOR ENTRY OF CONSENT ORDER ON PLAINTIFF'S COMPLAINT
[Filer: RAMEY SHAUN KEVIN]

Notice Date:     12/4/2012 10:25:20 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  LAY KENNETH JAMES
     ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 12/4/2012 10:25:20 AM

C001 AURORA LOAN SERVICES, LLC

O002 FEDERAL NATIONAL MORTGAGE ASSOCIATION

JOINT MOTION FOR ENTRY OF CONSENT ORDER ON PLAINTIFF'S COMPLAINT

[Filer: RAMEY SHAUN KEVIN]

Notice Date:      12/4/2012 10:25:20 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-904407.00

Judge: ED RAMSEY

To:  HOOD RHONDA STEADMAN
rhonda@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AURORA LOAN SERVICES, LLC V. CARTHENIA W. JEFFERSON
01-CV-2011-904407.00

The following matter was FILED on 12/4/2012 10:25:20 AM

C001 AURORA LOAN SERVICES, LLC
O002 FEDERAL NATIONAL MORTGAGE ASSOCIATION
JOINT MOTION FOR ENTRY OF CONSENT ORDER ON PLAINTIFF'S COMPLAINT
[Filer: RAMEY SHAUN KEVIN]

Notice Date:      12/4/2012 10:25:20 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
12/12/2012 2:45 PM
CV-2011-904407.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

URORA LOAN SERVICES, LLC,                )
                                          )
      **Plaintiff,**                          )
                                          )
                                          )
                                          )
CARTHENIA  W. JEFFERSON,                  )      **CV 2011-904407**
                                          )
      **Defendant.**                         )
                                          )
                                          )
                                          )
                                          )

DOCUMENT 64

### ORDER

THIS CAUSE coming to be considered on the Joint Motion for Consent Order filed by Plaintiff/Counter Defendant Aurora Loan Services, LLC ("Aurora"), Counter-Defendant Federal National Mortgage Association ("FNMA"), and Defendant/Counterclaim Plaintiff Carthenia W. Jefferson ("Jefferson") (collectively, the "Parties"), it is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

1.    That Plaintiff having filed a Complaint to set aside a foreclosure deed and reinstate a mortgage concerning a piece of property that is the subject of the Complaint and which has an address of 2128 Oakwood Drive, Birmingham, AL 35215, and more particularly described as:

> Lot 11, in Block 1, according to the Survey of Oakbrook Second Sector, as recorded in Map Book 151, Page 40, in the Office of the Judge of Probate of Jefferson County, Alabama.

(the "Property"), and this Court having considered same, now determines that said Motion for Consent Order is due to be granted.

2.    That the May 11, 2010 foreclosure sale and foreclosure deed recorded on or about May

18, 2010, in Book LR201004, Page 13302, in the Office of the Judge of Probate of Jefferson County, Alabama (the "Probate Office"), are a nullity, void and of no legal effect.

3.      That said foreclosure deed is expunged from the Records of the Office of the Judge of Probate of Jefferson County, Alabama.

4.      In setting aside the foreclosure, this Court makes no determination at this time as to whether the foreclosure was wrongful or improper and those claims on Jefferson's part remain pending to be adjudicated at a later date by this Court.

5.      That the mortgage, given by Carthenia Jefferson, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Home Loan Center, Inc., dba Lending Tree Loans in the amount of $152,000.00, which was recorded on or about August 18, 2006, in Book LR200613, Page 28564, said mortgage being subsequently transferred and assigned to Aurora and recorded on or about September 9, 2009, in Book LR200909, Page 3365, is a valid, first position lien on the Property, superior to any existing junior lien on the Property.

6.      That all terms and provisions of the mortgage are to remain in full force and effect.

7.      That costs are taxed as paid.

Done this ___ /ǀ ___ day of ___ D e c. _____, 2012.

Edward L. Ramsey

CIRCUIT JUDGE