FILED
 2016 Jan-22  PM 01:02
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| CARTHENIA W. JEFFERSON | ) |
| Defendant | ) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, SIROTE & PERMUTT, PC, NATIONSTAR MORTGAGE, , QBE FIRST INSURANCE AGENCY, INC., BALBOA INSURANCE COMPANY, and QBE AMERICAS, INC., | ) Case No. 2:16cv00078-TMP |
| Counter-Defendants. | ) |

**MOTION TO REALIGN THE PARTIES BY QBE FIRST INSURANCE AGENCY, INC., QBE AMERICAS, INC., AND BALBOA INSURANCE COMPANY**

QBE First Insurance Agency, Inc. ("QBE First"), QBE Americas, Inc. ("QBE Americas") and Balboa Insurance Company ("Balboa"), respectfully move this Court to enter an order realigning the parties.[1]

---

[1] QBE First, QBE Americas, and Balboa have also filed a Motion to Strike and Dismiss. By filing this motion, they are not waiving any arguments set forth therein. For the reasons set

## PREFACE

On January 15, 2016, QBE First, QBE Americas and Balboa removed this matter to this Court. [Dkt. No. 1]. As set forth in the Notice of Removal (which is adopted and incorporated herein by reference), QBE First, QBE Americas and Balboa respectfully submit that this Court should realign the parties, such that Carthenia W. Jefferson ("Jefferson") should be aligned as the Plaintiff, and QBE First, QBE Americas, Balboa, Nationstar Mortgage, LLC ("Nationstar") and Federal National Mortgage Association ("FNMA") should be aligned as Defendants. Aurora Loan Services ("Aurora"), which was the original plaintiff in the State Court proceeding should be dismissed, because the claims and counter-claims between Aurora and Jefferson have been dismissed, and Aurora is no longer a party. Finally, Sirote & Permutt, PC ("Sirote"), should also not be listed as a party, since the State Court previously dismissed Jefferson's claims against Sirote.

## PROCEDURAL HISTORY

On December 14, 2011, Aurora Loan Services, LLC ("Aurora") filed a Complaint to Set Aside Foreclosure Deed and Reinstate Mortgage against Jefferson in the Circuit Court of Jefferson County, Alabama. (Exh. A).

On May 11, 2012, Jefferson filed an Answer and Counterclaim. (Exh. B). Jefferson asserted a Counterclaim against Aurora and new parties, FNMA and

---

forth therein, the claims against QBE First, QBE Americas, and Balboa in the Amended Counterclaim should be stricken and they should be dismissed.

Sirote.

On June 11, 2012, Sirote filed a Motion to Dismiss the Counterclaim, and on August 13, 2012, the State Court granted the motion to dismiss Jefferson's counterclaims against Sirote.  (Exh. C).

On December 12, 2012, the State Court entered a Joint Consent Order submitted by Aurora, FNMA and Jefferson which found that the Foreclosure Deed was void, expunged the Foreclosure Deed from the probate court records, and reinstated the mortgage. (Exh. D).  This Consent Order effectively resolved Aurora's claims in the Complaint and left pending only Jefferson's counterclaims against Aurora and FNMA.

On November 19, 2015, Aurora and Jefferson filed a Joint Stipulation of Dismissal, dismissing all claims and counterclaims between Jefferson and Aurora with prejudice, which the court granted on November 23, 2015, leaving only the counterclaims by Jefferson against FNMA.  (Exh. E).

On December 11, 2015, Jefferson filed her "Amended Counterclaim."  (Exh. F). The Amended Counterclaim added four new parties, QBE First, QBE Americas, Balboa, and Nationstar, which the Amended Counterclaim refers to as "Counter-Defendants."

## MOTION TO REALIGN

When the original complaint was resolved by the Joint Consent Order (Exh.

D) and Aurora was dismissed by the Joint Stipulation of Dismissal (Exh. E), in effect Jefferson (formerly defendant/counterclaim plaintiff) became the true Plaintiff in this action.  At that time, the only other party was FNMA, which became the Defendant.  Accordingly, when Jefferson filed her Amended Counterclaim against FNMA, QBE First, QBE America, Balboa, and Nationstar, Jefferson was actually the "Plaintiff" and the other parties were actually the "Defendants." Notably, the Amended Complaint recognizes this relationship, because Jefferson repeatedly refers to herself as the "Plaintiff" and the other parties as "Defendants" throughout.

As set forth in the Notice of Removal, in accordance with Eleventh Circuit law, the parties should be re-aligned for the purposes of removal pursuant to 28 U.S.C. §1441(a), and for all purposes in this proceeding.  Although Jefferson chose to style the defendants as "counter-claim defendants" or "counter-defendants" in her Amended Counterclaim, the original Plaintiff, Aurora, was no longer a party to the case at that time and neither QBE First, QBE America, Nationstar, Balboa, or FNMA have asserted claims against Jefferson. Thus, they cannot be considered valid "counter-claim defendants" or "counter-defendants."

Because the only claims in this case are Jefferson's claims against QBE First, QBE America, Nationstar, Balboa, and FNMA, the case should not proceed with Jefferson as a "defendant/counterclaim plaintiff" and the defendants as

4

"counter-claim defendants" or "counter-defendants." The Eleventh Circuit has explained that "parties cannot *avoid* [federal jurisdiction] by their designation of the parties . . . Rather it is the duty of the lower federal courts to look beyond the pleadings and arrange the parties according to their sides in the dispute, as determined by the principal purpose of the suit and the primary and controlling matter in dispute." *Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313-14 (11th Cir. 2012) (citations omitted) (emphasis in original). Here, "the principal purpose of the suit" is for Jefferson to recover from QBE First, QBE America, Nationstar, Balboa, and FNMA for alleged wrongs committed against her, and the "controlling matter[s] in dispute" are Jefferson's insurance claims from 2013 and Jefferson's servicing/credit reporting claims from 2014-2015.

In *Vestavia Hills*, the Eleventh Circuit established that, in the context of removal, "where party designations have jurisdictional consequences, [the court] *must* align the parties before determining jurisdiction." *Id.* at 1314 (emphasis added) (quoting *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156 (3rd Cir. 1995)). In fact, "federal courts are *required* to realign the parties in an action to reflect their interests in the litigation" and "it is the duty of the lower federal courts to look beyond the pleadings and arrange the parties according to their sides in the dispute." *Id.* at 1313-14 (citations omitted) (emphasis added).

In *Vestavia Hills*, the Court examined re-alignment in the context of

removal, and held that re-alignment in order to confer the district court with diversity jurisdiction was proper. Specifically, the Eleventh Circuit re-aligned one of the defendants as plaintiff, noting that "[the then-plaintiff] did not seek any relief from the said defendant." *Id.* at 1314.

Similarly, QBE First, QBE Americas, Nationstar, Balboa, and FNMA do not "seek any relief from [Jefferson]," nor have they sought such relief previously. In fact, and even more telling than the scenario before the *Vestavia Hills* Court, here, the only party in this lawsuit who sought any relief from Jefferson (Aurora) was dismissed from this case with prejudice. As QBE First, QBE Americas, Nationstar, Balboa, and FNMA have not made any claim for relief against Jefferson, they cannot be properly characterized as the "plaintiff" in this case (*see* FED. R. CIV. P. 20 (persons are considered "plaintiffs" if "they assert any right to relief" against another party), which is, by definition, necessary in order to characterize the removing defendants as "counterclaim defendants;" for if the removing defendants have made no claims against Jefferson, then there are no claims for Jefferson to counter at all.

The Eleventh Circuit has imposed lower courts with the <u>duty</u> to consider realignment of the parties in the context of removal, and district courts have followed suit. *See Porter v. Crumpton & Associates, LLC*, 862 F.Supp.2d 1303 (M.D. Ala. 2012) (relying on *Vestavia Hills* to re-align parties in the context of

6

removal); *Gulf Hauling & Const., Inc. v. QBE Ins. Corp.*, 2013 WL 217978 (S.D. Ala. 2013) (finding that re-alignment was proper in the context of removal, though declining to re-align the parties on other grounds).

As such, this Court has the power—even the duty, according to the Eleventh Circuit—to consider the alignment of the parties in the context of removal. Accordingly, Jefferson should be aligned as the "Plaintiff," and QBE First, QBE Americas, Balboa, Nationstar and FNMA should be aligned as "Defendants." Further, because the claims by and against Aurora and Sirote have been dismissed, Aurora and Sirote should be removed from the case caption and not listed as parties to this proceeding.

Respectfully submitted this 22nd day of January, 2016.

/s/ Kevin A. Rogers
Kevin A. Rogers (ASB-8689-K51R)

One of the Attorneys for Balboa Insurance Company, QBE Americas, Inc., QBE First Insurance Agency, Inc.

**OF COUNSEL:**
Kelly D. Simpkins (motion to admit *pro hac vice* pending)
Kevin A. Rogers
WELLS MARBLE AND HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Telephone: 601-605-6900
Facsimile:  601-606-6901
ksimpkins@wellsmar.com
Krogers@wellsmar.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of January, 2016, I have caused a true and exact copy of the above and foregoing to be served on counsel of the record by electronic filing and/or U. S. Mail, postage prepaid, to the following:

Kenneth James Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
*Attorney for Jefferson*

Gregory C. Cox
Ginny Willcox Leavens
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
*Attorneys for Nationstar Mortgage*

Amanda M. Beckett
Bret Chaness
Rubin Lublin, LLC
428 North Lamar Blvd., Suite 107
Oxford, MS 39655
*Attorney for Federal National Mortgage Association*

                                                */s/ Kevin A. Rogers*
                                                One of the Attorneys for Balboa Insurance Company, QBE Americas, Inc., QBE First Insurance Agency, Inc.